**660**

Ruth Elizabeth BROWN, Petitioner,

v.

Billy Wayne BROWN, Respondent.

Supreme Court of Tennessee.

March 28, 1977.

Thomas D. Steele, Nashville, for petitioner.

James C. Vance, Nashville, for respondent.

## OPINION

HENRY, Justice.

The sole question before the Court is the authority of a trial judge, pursuant to Rule 60.02, Tenn.R.Civ.P., to amend a final decree after the expiration of thirty days from the entry thereof. The trial judge allowed a motion that alleged an omission of an item of property from the final decree in this divorce action as a result of mistake, inadvertence, surprise, excusable neglect, and fraud.

The Court of Appeals found:

. . . the record clearly reflects that the [respondent] deliberately set out to mislead and deceive the [petitioner] by promising shortly after the divorce decree was entered that he would transfer the title to the automobile to her. He first promised to sign the title over after the $2,800.00 provided for in the original decree was paid to him or to his mother by [petitioner], but after said amount was paid, he then postponed it on another lame excuse, all the time realizing that after the expiration of thirty days the decree of the Court would become final. After the expiration of said thirty days he then filed suit in the General Sessions Court to regain possession of the car. While it seems that the Special Judge was fully justified in his decision that Mrs. Brown was entitled to the automobile, nevertheless, we are of opinion that the original decree had become final and that Rule 60.02 should not be extended to cover a situation such as is revealed by this record, especially, where a plain and adequate remedy is available to the plaintiff by separate action to claim said automobile by reason of the agreement of the parties and the promises solemnly made by the [respondent], to transfer title to her, which promises he does not deny.

We respectfully disagree with the legal conclusion reached by the Court of Appeals. This is a classic case for the application of

Rule 60.02, Tenn.R.Civ.P., which reads, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party
> .  .  .

This portion of the rule is enforceable by motion made within one year after judgment or by an independent action. The rule came under our scrutiny in *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn.1976), where we pointed out that it was designed to strike a proper balance between the competing principles of finality and justice. After recognizing the old 30-day rule on modification of judgments, we stated:

> .  .  .  the rigidity of this rule was substantially relaxed by the adoption of Rule 60, Tenn.R.Civ.P., which facially provides relief against final judgments. *To hold otherwise would cut the heart out of the rule and destroy all reason for its existence.* (Emphasis supplied). 533 S.W.2d at 280.

Judge Drowota, in his dissenting opinion recognized these principles.

We find the fact that petitioner might have pursued other, or different, remedies to be of no consequence. She was entitled to the benefits of the expeditious relief afforded by Rule 60.02.

Reversed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.