# IN THE COURT OF APPEALS OF TENNESSEE

# FILED

October 15, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

## AT NASHVILLE

| | | |
|---|---|---|
| PHILLIP HALL, | ) | |
| | ) | 01A01-9901-CV-00065 |
| Petitioner/Appellant | ) | |
| | ) | |
| vs. | ) | DAVIDSON CO.  CIRCUIT COURT |
| | ) | No. 98C-2174 |
| | ) | |
| TENNESSEE BOARD OF PAROLES, | ) | HON.  CAROL SOLOMAN |
| | ) | JUDGE |
| Respondent/Appellee | ) | |

**For the Appellant:**
PHILLIP HALL
Pro Se

**For the Appellee:**
PAUL G.  SUMMERS
Attorney General and Reporter

MICHAEL E.  MOORE
Solicitor General

STEPHANIE R. REEVERS,
Senior Counsel
Civil Rights & Claims Division
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN 37243

AFFIRMED

D. MICHAEL SWINEY, J.

CONCURS:

HOUSTON M. GODDARD, P.J.

HERSCHEL P. FRANKS, J.

# **O P I N I O N**

Phillip Hall (Appellant), a prison inmate, filed a Writ of Common Law Certiorari and Statutory Certiorari in the Circuit Court of Davidson County seeking relief from a decision of the Board of Paroles denying him parole. Appellant also filed in the Trial Court a Motion For Appointment Of Counsel. The Trial Court granted Appellee's Motion To Dismiss and denied Appellant's Motion For Appointment Of Counsel. Appellant, upon receipt from the Davidson County Circuit Court Clerk's office of a Statement Of Due And Unpaid Court Costs, filed his Motion To Vacate Judgment And Bill Of Costs which was denied by the Trial Court. Appellant filed this appeal where we are faced with two issues: (1) Whether the Trial Court erred in denying Appellant's Motion To Vacate Judgment And Bill Of Costs; and (2) Whether the Trial Court erred in denying Appellant's Motion For Appointment Of

Counsel.  For the reasons stated in this Opinion, we affirm the judgment of the Trial Court.

## B A C K G R O U N D

Petitioner/Appellant, Phillip Hall, is an inmate at the Wayne County Boot Camp in Clifton, Tennessee, having been convicted of armed robbery and adjudicated a habitual criminal. *State v. Hall,* 667 S.W.2d 507 (Tenn.  App.  1983).  On February 24, 1998, a parole hearing was held which resulted in the denial of Appellant's application for parole.  He appealed the denial by the Board of Paroles, alleging that a prison counselor inappropriately testified against him at his parole hearing and thereby committing "official misconduct" under  T.C.A. § 39-16-402, that the counselor did not provide notice of his intent to testify, and that the Board should have continued the hearing to investigate his testimony as permitted by Parole Board Procedures.   The Parole  Hearings Director for the Board reviewed the record of the parole hearing as well as additional affidavits submitted by Appellant and denied his appeal on May 26, 1998.  The Director found:

> The document(s) provided do not support your claim of significant new information or evidence that was not available at the time of your hearing.
>
> Also, upon review of the board file and tape recording of the hearing, your allegations of misconduct on behalf of the Hearings Official was not substantiated.
> Finally, upon review of the board file and tape recording of the hearing, your allegation of significant procedural error(s) by the Hearings Official(s) was not substantiated.

On August 5, 1998, Appellant filed a Writ of Common Law Certiorari and Statutory Certiorari in the Circuit Court of Davidson County, seeking relief from the decision of the Board of Paroles.  On September 17, 1998, the Board of Paroles filed a Motion to Dismiss pursuant to T.R.C.P. Rule 12.02(6) for failure to state a claim upon which relief can be granted.  Also on September 17, 1998, the Board of Paroles filed a proposed order which contains the certificate of counsel that a copy of that proposed order was sent to Appellant on September 17, 1998.   Appellant filed a response and a Motion for Appointment of Counsel on October 9, 1998.

Soon after filing his response to the Board's Motion to Dismiss and his request for appointment of counsel, Appellant was moved from one location in the Tennessee Prison System to

another. He provided notice of the new address to the Clerk of the Court by letter, marked "Filed" on November 10, 1998. On that same date, Appellee's Motion to Dismiss was granted by the Trial Court, which found that the scope of review under the common law writ is very narrow and covers only an inquiry into whether the Parole Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily, citing *Powell v. Parole Eligibility Board,* 879 S.W.2d 871, 873 (Tenn. 1994).

Appellant received a bill of costs in this case from the Davidson County Clerk's Office on December 17, 1998, and on January 5, 1999, he filed a "Motion to Vacate Judgment and Bill of Costs Against the Petitioner," in which he stated that he had not received actual notice of the entry of judgment against him. The Motion to Vacate, as well as Appellant's Motion for Appointment of Counsel, were denied by Orders of the Trial Court on January 28th and January 21st, 1999, respectively.

## D I S C U S S I O N

Appellant appeals pro se, raising the issues of (1) whether the Circuit Court improperly denied his Motion to Vacate Judgment and Bill of Costs; and (2) whether the Circuit Court "should have ruled on Petitioner's Motion for Appointment of Counsel before dismissing the Petition."

Appellant's Motion to Vacate Judgment and Bill of Costs, and this appeal, appear to be based on Rule 60.02, T.R.C.P., which provides, as pertinent:

> **60.02.   Mistakes - Inadvertence - Excusable Neglect -**
>
> **Fraud, etc. -** On motion and upon such terms as are just, the court may
>
> relieve a party or the party's legal representative from a final judgment,
>
> order or proceeding for the following reasons: (1) mistake, inadvertence,
>
> surprise or excusable neglect;

A motion for relief from a judgment pursuant to this rule addresses the sound discretion of the trial judge. The scope of review on appeal is whether the trial judge abused his discretion. *Ellison v. Alley,* 902 S.W.2d 415 (Tenn. App. 1995).

While conceding that this Court reviews a Trial Court's denial of a Rule 60.02 Motion to Vacate

under the abuse of discretion standard, Appellant argues that "[t]he failure of a clerk to provide counsel with a copy of an order or final judgment or to notify counsel of the existence of such an order or judgment constitutes excusable neglect. *Jerkins v. McKinney,* 533 S.W.2d 275, 281 (Tenn. 1976). Therefore, the Circuit Court improperly denied the petitioner's motion to vacate judgment and bill of costs." Appellee argues that under the *Jerkins* standard, "[a]t most, Appellant should have simply requested that the order be reentered so that the time for an appeal could run anew. *Jerkins v. McKinney,* 533 S.W. 2d 281 . . . [therefore] Appellant's motion to vacate the judgment and bill of costs was not proper, and the trial court properly denied the motion."

T.R.C.P. Rule 58 provides certain requirements for entry of judgments:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
>
> *When requested by counsel or pro se parties,* the clerk shall mail or deliver a copy of the entered judgment to all parties or counsel within five days after entry; [emphasis added]

The **Advisory Commission Comments [1997]** explain that "[t]he second sentence is amended to make the right to notice of the judgment entry date meaningful. A lawyer or party *who requests a copy of the judgment stamped with the entry date* should not be prejudiced by a clerk's failure to comply with the request."

The entry of the Order Of Dismissal was appropriate as Tennessee Rules of Civil Procedure Rule 58 (2) was satisfied. The order contains the signatures of the judge and counsel for the Appellees along with a certificate of Appellee's counsel that a copy of the proposed order had been served on Appellant.

In this case, there is no indication in the record that Appellant requested under Rule 58 of the Tennessee Rules of Civil Procedure that a copy of the entered judgment be sent to him by the court clerk. Appellant was on notice of the hearing date because the Appellee filed a Motion for Protective Order on October 12, 1998 which referred to an upcoming hearing date of November 9, 1998. A copy of this Motion was sent to Appellant at his first address on October 12, 1998. Appellant did not move to the new address until November 4, 1998. In his letter to the clerk of the Trial Court providing his new address, Appellant could have requested that a copy of the judgment from the November 9, 1998 hearing be sent to him. He did not do so. While the Trial Court could have granted Appellant's Rule 60.02 Motion, we cannot say that its refusal to do so was an abuse of its discretion.

Appellant next contends that the Trial Court "should have ruled on his motion for appointment of counsel before dismissing the petition," and cites federal Circuit Court of Appeals cases from Illinois and Arizona. It appears from the record that the Trial Court ruled on the motion for appointment of counsel by notation on the motion itself and later filed a typed Order.

In Tennessee, the scope of the right to counsel is limited and applies only through the first appeal as of right. Therefore, Appellant had no right to appointment of counsel in Parole Board matters. *Flowers v. Traughber,* Tenn. App. No. 01A01-9609-CH-00392, filed March 27, 1997, *perm. app. denied* July 14, 1997. Accordingly, the Trial Court's refusal to appoint counsel was proper, whether the Order was filed before or after the date the Court filed its Order dismissing Appellant's Motion to Vacate.

## CONCLUSION

The judgment of the Trial Court is affirmed and this cause remanded to the Trial Court for such further proceedings, if any, as may be required, consistent with this Opinion, and for collection of the costs below. Costs on appeal are assessed against the Appellant.

_____
D. MICHAEL SWINEY, J.

**CONCUR:**

_____
HOUSTON M. GODDARD, P.J.

_____
HERSCHEL P. FRANKS, J.