# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 30, 2002 Session

## FLOYD MICHAEL WOODY v. JOY DARLENE WOODY

**Appeal from the Chancery Court for Hamblen County**
**No. 92-179     Thomas R. Frierson, II, Chancellor**

### FILED OCTOBER 29, 2002

### No. E2001-02078-COA-R3-CV

---

In this case from the Chancery Court of Hamblen County the Appellant, Floyd Michael Woody contends that the Trial Court erred in amending a final judgment for divorce to include one half of his pension fund as part of the marital property to be awarded the Appellee, Joy Darlene Woody. The judgment of the Trial Court is affirmed as modified.

### Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

P. Richard Talley, Dandridge, Tennessee, for the Appellant, Floyd Michael Woody

Paul Whetstone, Mosheim, Tennessee, for the Appellee, Joy Darlene Woody

### OPINION

In this divorce case from the Chancery Court for Hamblen County the Appellant, Floyd Michael Woody, raises one issue for our review which we restate as follows:

Did the Trial Court err in amending the final decree of divorce between the Appellant, Floyd Michael Woody, and the Appellee, Joy Darlene Woody, to include one-half of Mr. Woody's pension fund as a portion of the marital property awarded to Ms. Woody?

The parties to this appeal were divorced by judgment of the Trial Court[1] entered on July 20, 1993, which provided for the distribution of marital property and included the following:

---

[1] The record shows that Judge William Jenkins was sitting by interchange as the presiding judge of this case at the time of divorce.

4. The parties are to equally divide all stock in Mr. Woody's Roadway Services, Incorporated, Stock Retirement Income Plan, as of April 20, 1993. The total number of shares to be divided is 3,168. Each party will receive 1,584 shares. These shares will be distributed as per the Qualified Domestic Relations Order which will issue from this Court and be fully adopted as if fully set forth herein.

Thereafter, in accord with the above provision, the Trial Court entered a qualified domestic relations order (hereinafter "QDRO") which orders distribution to Ms. Woody of her designated share of the stock in the above referenced stock retirement income plan, which the QDRO described as the "Stock Bonus Plan, Stock Savings and Retirement Income Plan, and Employee Stock Ownership Plan."

On January 21, 2000, Ms. Woody filed a petition for declaratory relief wherein she requested that the Court declare her rights under the final divorce decree of July 20, 1993, and the subsequent qualified domestic relations order, "to include one-half (1/2) of Mr. Woody's entire retirement package, including pension[2]."

Ms. Woody's petition was heard by the Court on April 26, 2001, and the Court entered an amended final judgment of divorce which decreed:

1. The record reveals that the Trial Judge, William Jenkins, expressed that the Roadway Pension Plan was to be included in the entire retirement fund which to Ms. Woody was to receive half.

2. Accordingly, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Final Judgment of Divorce be amended to reflect that Darlene Woody will receive not only her alternate Payee's share of the stock savings plan from Roadway Express, but that she should also receive one-half of the Pension Fund, which was a separate account, the value of which shall be decided as of the date of divorce.

On August 22, 2001, Mr. Woody filed a motion to alter or amend the Trial Court's judgment of April 26, 2001; however, this motion was denied by the Court's order and memorandum opinion entered on April 2, 2002.

Our review of a case such as this is *de novo* upon the trial court record with a presumption that the trial court's factual findings are correct unless the evidence preponderates to the contrary. Tenn.R.App.P. 13(d). There is no presumption of correctness as to the trial court's conclusions of law. *Campbell v. Florida Steel.*, 919 S.W.2d 26 (Tenn. 1996).

Although Ms. Woody's petition for declaratory relief prompted the Trial Court to re-examine the provisions of the original divorce decree, the Court's decision to amend that decree is not based

---

[2]The record does not reveal the value of the pension fund at issue in this appeal.

upon the Declaratory Judgments Act, but rather upon T.R.C.P. 60.01 which provides in pertinent part as follows:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders.

The transcript of the bench opinion rendered by the Trial Court when the divorce was granted in 1993 notes that there were two major assets in this case - the marital residence and "the pension fund". After recognizing the parties agreement to an equal division of the proceeds realized from sale of the residence, the Court stated as follows with respect to the pension fund:

> The other major asset, pension fund, that Mr. Woody owns, has a value of about two-hundred thousand dollars ($200,000.00) and Mrs. Woody will get half of that, and of that she's going to realize about one-hundred thousand dollars ($100,000.00) from that. Two main assets.

It is our determination, after reviewing the above passage and the record as a whole, that the words "pension fund" are used by the Court in a general sense with the intent that all components of Mr. Woody's pension fund, whether stock savings plan or separate pension fund account, should be included and equally divided between the parties. In an affidavit attached to his motion to alter or amend filed on April 26, 2000, Mr. Woody attests that he and Ms. Woody agreed that she would receive one-half of the stock savings plan and that as a result she received $120,000.00. Mr. Woody argues that the Trial Court's statement in its bench opinion that Ms. Woody would "realize about one-hundred thousand dollars" shows that the Court must have had specific retirement assets in mind when designating that Ms. Woody would get half. It is our determination that, although the Court may have underestimated the total value of the pension fund and misapprehended its contents, the Court intended that the whole pension fund, whatever it might consist of, be divided equally between the parties. The fact that the original divorce decree only addressed division of the retirement stock savings was clearly an unintentional omission which was appropriately corrected by the amended final judgment of divorce entered on April 26, 2001. Mr. Woody's argument to the contrary is without merit. Although the original divorce decree was entered several years before its amendment, T.R.C.P. 60.01 specifically allows a court to correct an error in a judgment *sua sponte* at any time. As noted by the Supreme Court of this state "Rule 60, Tenn.R.Civ.P., like its federal counterpart, was designed to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn. 1976)

The QDRO entered in this case in 1993 in accordance with the original divorce decree provided that "[t]he Court shall retain jurisdiction to amend this Order only for purposes of establishing or maintaining its qualification as a qualified domestic relations order under ERISA and the Code..." However, the amended final judgment of divorce provides that "[i]f an amendment of the Qualified Domestic Relations Order is likewise needed, it, too shall be amended to reflect this

ruling"  In view of the limitation on retention of jurisdiction to amend set forth in the original QDRO,  we conclude that the amended final judgment granting Ms. Woody one-half of the separate pension fund account should be implemented by issuance of an additional QDRO pertaining solely to that asset rather than by amendment of the original QDRO.

For the foregoing reasons the amended final judgment of the Trial Court is affirmed as modified and the cause is remanded for such further proceedings, if any, as may be necessary. Costs of appeal are adjudged against Floyd Michael Woody and his surety.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE