IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 15, 2004 Session

**STATE OF TENNESSEE v. MICHAEL N. ALLEN,
a.k.a. MICHAEL B. CARTA
IN RE: SANFORD AND SONS BAIL BONDS, INC.**

**Direct Appeal from the Criminal Court for Washington County
No. 28,174      Lynn W. Brown, Judge**

---

**No. E2004-00292-CCA-R3-CD- Filed September 22, 2004**

---

Sanford and Sons Bail Bonds, Inc., the appellant, appeals from the trial court's denial of relief from final forfeiture of its bond. At the hearing set to determine whether final forfeiture of the bond should occur, the appellant did not appear and the trial court entered a judgment against the appellant declaring final forfeiture. The appellant then sought relief from the final forfeiture judgment, pursuant to Rule 60.02 of the Rules of Civil Procedure, Tennessee Code Annotated section 40-11-201(b), and sought a stay of execution of the judgment. Because the notice of appeal was not timely filed in this matter, we are without jurisdiction to determine whether the trial court erred in entering a final forfeiture against the appellant based upon its claim under Tennessee Code Annotated section 40-11-201(b). We further conclude that the trial court did not abuse its discretion in refusing to grant a stay of execution or relief under Rule 60.02 of the Tennessee Rules of Civil Procedure. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Charles G. Currier, Knoxville, Tennessee, for the appellant, Michael N. Allen, a.k.a. Michael B. Carta, In re: Sanford and Sons Bail Bonds, Inc.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

The issue is whether the bonding company, who failed to appear at the scheduled hearing for determination of final forfeiture, is entitled to relief upon this record. We conclude it is not.

## Facts

On August 9, 2002, the appellant entered a $12,000 appearance bond on behalf of a defendant. On November 19, 2002, the defendant failed to appear, and a capias for his arrest was issued. That same day, a *scire facias* for the conditional forfeiture of the defendant's bond was issued. The *scire facias* was served on the appellant on December 6, 2002.

On May 16, 2003, the appellant filed a motion for extension of time to produce the defendant. The appellant failed to appear and be heard on the motion and same was denied on June 3, 2003. A final forfeiture hearing was set for July 8, 2003.

On July 7, 2003, the appellant filed a motion to reconsider the June denial of an extension of time to produce the defendant.

At the July 8, 2003 hearing, the trial court, with the acquiescence of the State, granted appellant an extension of ninety days to produce the defendant and prepare for a final forfeiture hearing. At the conclusion of the July 8th hearing, the trial court specifically set the final forfeiture hearing for October 10, 2003.

On July 15, 2003, the appellant filed a "motion for relief" and an affidavit from the St. Louis County Justice Center proporting to show that the defendant was incarcerated in St. Louis, Missouri. The appellant argues that the filing of this affidavit prevents the trial court from entering a forfeiture or conditional forfeiture because the language contained in Tennessee Code Annotated section 40-11-201(b) provides that "[n]o forfeiture or conditional forfeiture . . . shall be rendered" when it is shown by affidavit that the defendant is prevented from being in court due to mental or physical disability or is incarcerated elsewhere.

On October 10, 2003, the time set for the final forfeiture hearing, the appellant did not appear and a final forfeiture was entered. On October 17, 2003, an execution was issued against the appellant and served on November 6, 2003.

On November 12, 2003, the appellant filed a petition to stay execution of the final forfeiture judgment.

On January 7, 2004, a hearing was held on the petition for stay of execution and the appellant orally moved that the trial court's judgment entered October 10, 2003, be set aside because of a mistake or neglect under Rule 60.02 of the Tennessee Rules of Civil Procedure.

The trial court concluded that there was no excusable neglect or mistake for the appellant's failing to appear for the October 10, 2003 hearing and that the petition for stay of execution was untimely filed.

The appellant filed a notice of appeal on February 4, 2004. The State contends that the notice of appeal was filed untimely, therefore barring us from hearing the defendant's issues on the merits.

**Analysis**

We will first determine whether this Court has jurisdiction to hear this appeal or whether the appellant's notice of appeal was untimely filed, thereby barring our jurisdiction.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that the notice of appeal document must be filed within thirty days of the entry of the judgment appealed from. Rule 4(a), T.R.A.P., provides that a "notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." (Emphasis added). Our supreme court has not limited waiver strictly to cases involving criminal prosecutions. In State v. Scales, 767 S. W. 2d 157 (Tenn. 1989), the supreme court held that the notice of appeal in post-conviction cases may be waived because such "proceedings are criminal in nature." Id. The court also quoted from this Court's opinion in which now Presiding Judge Gary R. Wade wrote, "Labels of civil and criminal have little application when constitutional rights hang in the balance." Id. (quoting State v. Wendell Scales, No. C.C.A. 88-26-111, Davidson County, slip op. at 7 (Tenn. Crim. App. Sept. 28, 1988)).

We believe, however, that the nature of a bond forfeiture proceeding by which judgment is entered against a surety does not relate to the criminal proceeding as contemplated in Scales. The life or liberty of a citizen is not at stake in such a proceeding, and the issue of a constitutionally inform conviction does not arise. Any interest in making all appeals to the court of criminal appeals subject to the same procedural requirements is best left addressed to the supreme court's rule making authority.

The appellant's initial claim is that the trial court erred in ordering a final forfeiture because of Tennessee Code Annotated section 40-11-201(b). The forfeiture of bail bonds is governed by Tennessee Code Annotated sections 40-11-201 through 40-11-215. Tennessee Code Annotated section 40-11-201(a) authorizes a trial court to enter a conditional judgment of forfeiture against a defendant and his sureties when a defendant fails to appear in court in accordance with a bail bond agreement. See also Tenn. Code Ann. § 40-11-139(a). The trial court then issues a writ of *scire facias* "to notify the defendant and the defendant's sureties to show cause why such judgment shall not be made final." Tenn. Code Ann. § 40-11-202; see also Tenn. Code Ann. § 40-11-139(a). A surety has 180 days from the date it is served with the *scire facias* to produce the defendant; otherwise, "the court may enter [final] judgment for the state against the defendant and the

defendant's sureties for the amount of the bail and costs of the proceedings." Tenn. Code Ann. § 40-11-139(b).

Tennessee Code Annotated section 40-11-201(b) prohibits the entry of a "forfeiture or conditional forfeiture . . . in any case . . . where a sworn affidavit of the jailer, warden or other responsible officer of a jail, workhouse or penitentiary in which the principal is being detained shall be furnished the court." As the appellant correctly states, it filed the requisite affidavit with the court on July 15, 2003. However, we are without jurisdiction to review this issue. The final forfeiture judgment was entered against the appellant on October 10, 2003. Therefore, the judgment became final on November 10, 2003.[1] According to the record, nothing was filed by the appellant until November 12, 2003, when he filed a petition for a stay of execution. Since the appellant did not appeal the forfeiture judgment before it became final or file one of the motions that would have extended the time for appeal, we are without jurisdiction to determine whether the trial court erred in entering a final forfeiture against the appellant. See Tenn. R. App. P. 4(b)(c). Thus, the only issues properly before this Court on appeal are the actions by the trial court at the January 7, 2004, hearing on the petition to stay execution.

The trial court considered the appellant's petition for a stay of execution at a hearing on January 7, 2004. The appellant requested a stay in order to have a hearing regarding the final forfeiture judgment entered on October 10, 2003. The trial court noted that the forfeiture decision had become final before the appellant requested the stay. Therefore, the appellant would not be entitled to any relief from the judgment even if the stay were granted. Accordingly, the trial court denied the stay as being untimely. The granting of a stay is a matter entrusted to the sound discretion of the trial court. See Blake v. Plus Mark, Inc., 952 S.W.2d 413, 415 (Tenn. 1997). An appellate court cannot interfere with the trial court's decision unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay. Id. We conclude that nothing in the record indicates that the trial court abused its discretion in refusing to grant a stay.

Counsel for the appellant also asserted, at the January 7, 2004 hearing, that he was unaware of the October 10 court date and asked the court for relief from the judgment under Tennessee Rule of Civil Procedure 60.02 due to his mistake and excusable neglect in failing to appear. The trial court denied his request for relief pursuant to Rule 60.02, finding that there was no justifiable excuse for the appellant's failure to appear on October 10. A party seeking relief under Rule 60.02 bears a heavy burden. Relief under Rule 60.02 is considered "an exceptional remedy." Nails v. Aetna Ins. Co., 834 S.W.2d 289, 294 (Tenn. 1992). The function of Rule 60.02 is "to strike a proper balance between the competing principles of finality and justice." Jerkins v. McKinney, 533 S.W.2d 275, 280 (Tenn. 1976). Rule 60.02 operates as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our

---

[1] The thirty day period began to accrue on October 11, 2003, the day following the entry of judgment. See Tenn. R. Civ. P. 6.01. Therefore, the time period would expire on November 9, 2003. However, since November 9 was a Sunday, the final day would be extended to November 10. See id. ("The last day of the period as computed is to be included unless it is a . . . Sunday . . . in which event the period runs until the end of the next day . . . .").

procedural rules." Thompson v. Fireman's Fund Ins. Co., 798 S.W.2d 235, 238 (Tenn. 1990). However, "[b]ecause of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." Toney v. Mueller Co., 810 S.W.2d 145, 146 (Tenn. 1991). Requests for relief pursuant to Rule 60.02 are addressed to the sound discretion of the trial court. Thus, our review is limited to whether the trial court abused its discretion in denying relief. Travis v. City of Murfreesboro, 686 S.W.2d 68, 70 (Tenn. 1985). Counsel for the appellant stated that he was not aware of the October 10 court date. However, as the trial court pointed out, the court's minutes reflect that counsel was present in court when the date was set. The president of the bonding company, Hite J. Sanford, Jr., testified that he had spoken to someone at the district attorney's office subsequent to the July 15 filing. According to Mr. Sanford, the person that he spoke to told him that "they were handling it." We agree with the trial court that the appellant offered no justifiable excuse for failing to appear on October 10. We conclude that the trial court did not abuse its discretion in refusing to grant relief under Rule 60.02.

## Conclusion

Because the notice of appeal was untimely filed, we are without jurisdiction to determine whether the trial court erred in entering a final forfeiture against the appellant. We conclude that nothing in the record indicates that the trial court abused its discretion in refusing to grant a stay, in refusing to grant relief under Rule 60.02. Based on the foregoing and the record before us, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE