IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 15, 2007 Session

# CHARLES SMITH, EXECUTOR OF THE ESTATE OF ETHEL ROGERS SMITH v. JERRY SMITH

**Appeal from the Chancery Court for Hamblen County**
**No. 2000-200     Thomas R. Frierson, II, Chancellor**

_____

**No. E2006-01372-COA-R3-CV - FILED MAY 30, 2007**

_____

The issue in this case is whether the trial court erred in denying the plaintiff's Tenn. R. Civ. P. 60.02 motion for relief from judgment. Following a bench trial and judgment in favor of the defendant, a third party provided additional materials pursuant to an agreed discovery order, which were not previously disclosed to the parties before trial. The plaintiff filed a motion pursuant to Rule 60.02, requesting that the judgment be set aside based on this newly discovered evidence. The plaintiff also argued that the doctrines of equitable estoppel and judicial estoppel should be applied to grant relief from the judgment. The trial court denied the motion, and the plaintiff appealed. After careful review, we find that the trial court incorrectly applied the law in deciding on the plaintiff's Rule 60.02 motion. Therefore, we vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Christopher P. Capps, Morristown, Tennessee, for the Appellant, Charles Smith, Executor of the Estate of Ethel Rogers Smith.

Douglas R. Beier, Kingsport, Tennessee, for the Appellee, Jerry Smith.

**OPINION**

*I. Background*

This is the third time this case has been before us, and we rely on our first opinion for an introduction to the facts of this lawsuit:

Ethel Rogers Smith ("Ethel") executed a will in 1991 that provided that her property would go to her husband, if he survived her, and if not, would be split equally between her two sons, Charles Smith ("Charles") and Jerry Smith ("Jerry"). Ethel's husband predeceased her. Ethel executed a Durable Power of Attorney with Springing Clause in 1994, naming Jerry as her attorney-in-fact. Although the power of attorney never became operative under its terms, Ethel and Jerry treated it as though it were operative and Jerry signed numerous documents as his mother's attorney-in-fact. Ethel died in February of 2000. The majority of Ethel's money is in a SunTrust Securities account held as joint tenants with right of survivorship with Jerry.

Ethel and Jerry opened the SunTrust account in March of 1999 with the proceeds from the sale of Ethel's home. Ethel later added other money to the account from other investments that had matured. Testimony at trial indicated that Ethel consulted with a SunTrust broker, John Brice, as to the best way to invest her money so that she could pay her bills with the interest earned from the account. Charles, as executor of Ethel's estate, (the "Estate") sought to void the transaction which created the joint account, alleging that Jerry exercised undue influence over his mother. If the transaction was voided, the account, which was worth approximately $200,000, would be returned to Ethel's estate for distribution according to the terms of her will, rather than passing directly to Jerry as joint tenant of the account with right of survivorship.

On the first appeal of this case, we held that a confidential relationship existed between Jerry and Ethel, which gave rise to a presumption of undue influence in the creation of the SunTrust account. We remanded the case to the trial court for a determination as to whether Jerry had rebutted that presumption by clear and convincing evidence. The trial court ruled that Jerry did not rebut the presumption, primarily on the basis that Ethel did not receive independent advice before opening the joint account with Jerry.

When the case was appealed to us for the second time, we ruled that independent advice is but one way to rebut a presumption of undue influence. Upon review of the record, we concluded as follows:

> The proof showed the transactions were fair to Ethel by clear and convincing evidence, since it is undisputed that Ethel's mind was good and she made her own financial decisions, participated in transactions which benefitted her and were designed to give her money to pay her monthly bills and she was not impoverished thereby.

We reversed the trial court's ruling again and remanded with directions to release the proceeds of the SunTrust account to Jerry.

Less than two weeks after we released our decision, the Estate filed a motion for relief from the judgment pursuant to Tenn. R. App. P. 60.02 on the basis of newly discovered evidence. The items which are the subject of the Rule 60.02 motion were provided to the parties for the first time as a result of an Agreed Discovery Order entered on May 1, 2004. Pursuant to the Order, SunTrust produced a multitude of documents relating to the joint account of Ethel and Jerry, including a letter, dated December 14, 1999, handwritten by Jerry and signed by both himself and Ethel, directing Mr. Brice to move the assets of the joint account into an individual account in Jerry's name only, and an application filled out by Jerry to open the new individual account. The account application was also dated December 14, 1999, although the final page indicates that the request was not approved until April 6, 2000, more than two months after Ethel's death. Although Jerry was questioned in depth about the joint account held by himself and Ethel, including inquiries about how the funds were used and where they were held following Ethel's death, he failed to disclose the existence of the letter or the application for the individual account. In fact, Jerry misrepresented the location of the joint account assets at the time his attorney filed his answer in this lawsuit, stating that they were still being held in the joint account, even though the funds had already been moved into his individual account before the suit was commenced.

The trial court ordered a stay of enforcement of the judgment and directed the parties to proceed with limited discovery regarding the new documents obtained from SunTrust. After conducting an evidentiary hearing on March 16, 2006, the trial court denied the Estate's motion for Rule 60.02 relief and directed that the proceeds of the SunTrust account be released to Jerry. The Estate appeals.

## II. Issue Presented

The issue before us is whether the trial court erred in denying the Estate's motion for relief from the judgment pursuant to Tenn. R. Civ. P. 60.02.

## III. Analysis

A trial court is vested with wide discretion in ruling on a Rule 60.02 motion, and we will not disturb the trial court's decision unless it has abused its discretion. *Brown v. Weik*, 725 S.W.2d 938, 947 (Tenn. Ct. App. 1983). According to the Tennessee Supreme Court, "A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (internal quotations omitted). Therefore, we must uphold the trial court's ruling as long as reasonable minds could disagree about its correctness. *DeLong v. Vanderbilt University*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005).

The Estate argues that it is entitled to relief from the trial court's judgment, pursuant to Tenn. R. Civ. P. 60.02(1), (2), and (5), on the basis of evidence provided to the parties by SunTrust after the trial concluded. Rule 60.02 provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02.

In its memorandum opinion denying the Estate's Rule 60.02 motion, the trial court stated as follows:

SunTrust Securities and SunTrust Bank are not parties to the action at bar. Any mistake or excusable neglect on behalf of these entities does not provide a basis under T.R.C.P. 60.02(1) for Plaintiff to be granted relief from the judgment entered. Moreover, Plaintiff has failed to show that any mistake or excusable neglect of the Defendant occurred which would provide a basis for relief from the Judgment. Accordingly, Plaintiff's motion seeking relief from the Judgment entered due to any mistake or excusable neglect is overruled.

In *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976), the appellant filed a Rule 60.02 motion based on a court clerk's failure to notify the appellant's counsel that its motion for a new trial had been denied. Our Supreme Court reversed the trial court's denial of that motion, stating that "[t]here is no merit to the insistence that Rule 60.02 applies only to acts of omission or commission of the parties." *Id.*

Based on the Supreme Court's holding in *Jerkins*, we find that the trial court in the case at bar abused its discretion by incorrectly applying Tennessee law. Mistake, inadvertence, surprise, or excusable neglect on the part of SunTrust could serve as the basis for granting a Rule 60.02 motion, even though SunTrust is not a party to the lawsuit.

However, not every mistake or act of excusable neglect merits relief under Rule 60.02. In fact, relief should only be granted when it is evident that introduction of the newly discovered evidence at a subsequent trial would change the outcome of the case. *Brown v. Weik*, 725 S.W.2d at 947; *S.M.R. Enterprises, Inc. v. Southern Haircutters, Inc.*, 662 S.W.2d 944, 950 (Tenn. Ct. App. 1983); *Bean v. Commercial Securities Co.*, 156 S.W.2d 338, 347 (Tenn. Ct. App. 1941). In *Smith v. Steele*, we provided the following guidance for trial courts faced with this situation:

Newly discovered evidence that is merely cumulative, or such as can have no other effect than to impeach a witness, unless the testimony of the witness who is sought to be impeached, was so important to the

issue and the evidence impeaching the witness so strong and convincing that a different result must necessarily follow, is not sufficient to justify the Court in granting a new trial, upon proper application therefor.

*Smith v. Steele*, 313 S.W.2d 495, 507 (Tenn. Ct. App. 1956). Given the posture of the dispute between Jerry and Charles, Jerry's credibility played an important role in the trial court's rulings. It is not our duty to substitute our judgment for that of the trial court, which has seen and heard the witnesses firsthand. Therefore, we remand this case to the trial court so that it may reconsider the Estate's motion for relief from judgment in light of the correct law, as we have discussed here.

Because the trial court erred in its application of Rule 60.02, we need not reach the Estate's remaining arguments.

### IV. Conclusion

After careful review, we hold that the trial court erred by denying the Estate's motion for relief from judgment pursuant to Tenn. R. Civ. P. 60.02(1) because it incorrectly applied the law to the facts of this case. We vacate the judgment of the trial court and remand for further proceedings consistent with this opinion. All costs of appeal are taxed against the Appellee, Jerry Smith.

_____
SHARON G. LEE, JUDGE