IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS MAY 25, 2004

## JOHN E. ALLEN v. QUENTON T. WHITE, ET AL.

**Direct Appeal from the Circuit Court for Lake County**
**No. 03-8491     Lee Moore, Jr., Judge**

---

**No. W2004-00457-COA-R3-CV - Filed September 23, 2004**

---

This appeal concerns the dismissal of a common law writ of certiorari by the Circuit Court of Lake County.  Appellant, an inmate in the custody of the Tennessee Department of Correction, filed a *pro se* Petition for Writ of Certiorari to challenge the results of a prison disciplinary proceeding instituted against him.  The trial court granted Appellee's motion to dismiss the petition as untimely filed in violation of the applicable statute of limitations.  For the reasons stated below, we affirm the decision of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

John E. Allen, Tiptonville, TN, *pro se*

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, Jennifer L. Brenner, Assistant Attorney General, Nashville, TN, for Appellees

**MEMORANDUM OPINION**[1]

## I. Facts and Proceedings in the Court Below

John E. Allen ("Mr. Allen" or "Appellant") is an inmate in the custody of the Tennessee Department of Correction ("TDOC") at the Northwest Correctional Complex located in Lake County, Tennessee. On May 27, 2003, the personnel at the facility conducted a routine administrative search of Mr. Allen's cell block. During the search, a prison guard alleged that he observed a homemade knife come from underneath Mr. Allen's cell door onto the adjoining walkway.[2] This led to disciplinary charges being filed against Mr. Allen for possession of a deadly weapon. The prison disciplinary board conducted a hearing on June 6, 2003, resulting in Mr. Allen being sentenced to disciplinary segregation for a period of ten days. According to Mr. Allen, he appealed the disciplinary board's determination to the warden of the facility, Mr. Tony Parker, and to TDOC Commissioner Quenton T. White (the "Commissioner"), both of whom affirmed the disciplinary board's findings.[3] On July 23, 2003, Mr. Allen received a letter from the TDOC Assistant Commissioner of Operations informing him that his sentence would not be extended as the result of the disciplinary conviction, therefore any future appeal would be denied.

Mr. Allen then filed a Petition for Writ of Certiorari pursuant to Tennessee Code Annotated sections 27-8-101 and 27-8-102 in the Circuit Court of Lake County on October 22, 2003. Mr. Allen alleged that his Due Process rights had been violated, and that the disciplinary board failed to follow TDOC procedures at the administrative hearing. On December 1, 2003, the Commissioner, through the Office of the Attorney General, filed a Motion for Extension of Time with the circuit court asking for additional time in which to respond to Mr. Allen's petition. The circuit court granted the Commissioner's motion on December 4, 2003, giving the Commissioner until December 31, 2003, to file a response. On the same day that the circuit court granted the Commissioner's Motion for Extension of Time, the Commissioner filed a Motion to Dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), alleging that Mr. Allen's petition was barred by the statute of limitations. The circuit court issued an order on December 11, 2003, giving Mr. Allen until January 18, 2004, to respond to the Commissioner's motion. On December 15, 2003, Mr. Allen filed his response to the

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] At the time of this incident, Mr. Allen shared a cell with another inmate, Mr. James Slate. Prison officials also charged Mr. Slate with possession of a deadly weapon.

[3] The record is devoid of documentation showing Mr. Allen exercised his right to administrative appeal. The record only contains a letter addressed to Mr. Allen from the TDOC, dated July 23, 2003, in which the TDOC states they had yet to receive an appeal as of that date.

Commissioner's Motion to Dismiss alleging that, pursuant to the Tennessee Rules of Civil Procedure, his action was deemed filed when he placed it in the hands of the prison officials and that he had one year in which to file his petition.

On January 29, 2004, Mr. Allen filed a Petition for Default Judgment with the circuit court pursuant to Tennessee Rule of Civil Procedure 55, alleging the Commissioner failed to respond to his Petition for a Writ of Certiorari by the date set forth in the court's order issued on December 4, 2003. On February 2, 2004, the circuit court entered an order granting the Commissioner's Motion to Dismiss and denying Mr. Allen's Petition for Default Judgment.[4] Mr. Allen filed his notice of appeal to this Court on February, 12, 2004, and presents, as we perceive them, the following issues for our review:

I. Whether the statute of limitations must be waived when Appellant alleges absolute innocence of the charges leading to the disciplinary proceedings against him;

II. Whether the circuit court erred by granting the Commissioner's Motion to Dismiss without permitting oral argument;

III. Whether the circuit court erred by failing to grant Appellant's Motion for Default Judgment against the Commissioner; and

IV. Whether the circuit court held Appellant, as a *pro se* inmate, to a stricter standard than a licensed lawyer.

## II. Standard of Review

A motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) "admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). "The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone." *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 639 (Tenn. 2003). "When reviewing a dismissal of a complaint under Rule 12.02(6), this Court must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003). "Because a motion to dismiss a complaint under rule 12.02(6) challenges only the legal sufficiency of the complaint, courts should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 373 (Tenn. Ct. App. 2003).

---

[4] The Commissioner, albeit belatedly, filed a response to Mr. Allen's Petition for Default Judgment on February 5, 2004, arguing that a responsive pleading was pending and that, pursuant to Tennessee Rule of Civil Procedure 55.04, default judgment was improper.

## III. Law and Analysis

"In Tennessee, two types of certiorari exist." *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976). Mr. Allen presented his Petition for Writ of Certiorari to the circuit court below pursuant to Tennessee Code Annotated section 27-8-101, governing common law writs, or in the alternative, Tennessee Code Annotated section 27-8-102, governing statutory writs. "The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility boards, and other similar administrative tribunals." *Willis*, 113 S.W.3d at 712 (citing *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998)).[5] Therefore, we review Mr. Allen's appeal under the legal principles governing a common law writ of certiorari.

The trial court is limited in its review of a common law petition for a writ of certiorari in the following manner:

> Once the petition is filed, the court examines the proceedings of the lower tribunal to determine if that body exceeded its jurisdiction, or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Board of Paroles*, 993 S.W.2d 78 (Tenn. Ct. App. 1999); *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981). A challenge to the intrinsic correctness of the inferior tribunal's decision is normally dismissed as being outside the purview of the reviewing court. *Hall v. McLesky*, 83 S.W.3d 752 (Tenn. Ct. App. 2001); *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871 (Tenn. Ct. App. 1994).

*Waters v. Tenn. Dep't of Corr.,* No. M2002-00917-COA-R3-CV, 2003 Tenn. App. LEXIS 512, at *8–9 (Tenn. Ct. App. July 24, 2003). "The issuance by the trial court of a writ of certiorari is not an adjudication of anything. . . . [, but rather,] is simply a command by the trial court to the inferior tribunal or administrative agency to send the record made before the agency in the proceeding to the court for review of that record." *Gore*, 132 S.W.3d at 375. The circuit courts of this state have concurrent jurisdiction over common law petitions for writs of certiorari. Tenn. Code Ann. § 27-9-103 (2003); *Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 756 (Tenn. Ct. App. 2002).

### A. Statute of Limitations Applicable to Petition for Writ of Certiorari

In his first issue, Mr. Allen contests the circuit court's order granting the Commissioner's Motion to Dismiss. Mr. Allen argues that any statute of limitations applicable to a common law writ of certiorari must be waived when absolute innocence of a disciplinary infraction is alleged. Further,

---

[5] "A prisoner disciplinary proceeding cannot be reviewed directly under the Uniform Administrative Procedures Act because the Act removes such proceedings from the definition of a contested case." *Rhoden*, 984 S.W.2d at 956; Tenn. Code Ann. § 4-5-106(b) (2003).

-4-

he asserts that the Tennessee Rules of Civil Procedure set forth a one-year statute of limitations applicable to his petition.

"The legislature has the authority to place reasonable statutory limitations on the time within which certiorari may issue." *Fairhaven Corp.*, 566 S.W.2d at 886. The legislature has provided that petitions for writs of certiorari are subject to the following limitations period:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Tenn. Code Ann. § 27-9-102 (2003). "This time limit applies to common law as well as statutory writs." *Fairhaven Corp.*, 566 S.W.2d at 886. The time limit set forth in the statute is both mandatory and jurisdictional. *Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999). Failure to file a petition for writ of certiorari within the time limitation set forth in the statute results in the disciplinary board's decision becoming final, and will deprive the circuit court of jurisdiction. *Id.*; *Bishop v. Tenn. Dep't of Corr.*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994); *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994); *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984).

In responding to the Commissioner's Motion to Dismiss below, Mr. Allen stated in his reply that his petition was deemed filed when he delivered it into the hands of the prison officials. Although he cites to no authority for this proposition in his brief, Mr. Allen is apparently relying on Tennessee Rule of Civil Procedure 5.06, which provides, in relevant part, as follows:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a *pro se* litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility *within the time fixed for filing*. This provision shall also apply to service of paper by such litigants pursuant to the rules of civil procedure. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the *pro se* litigant is incarcerated. *Should timeliness of filing or service become an issue, the burden is on the* pro se *litigant to establish compliance with this provision*.

Tenn. R. Civ. P. 5.06 (2003) (emphasis added). Mr. Allen failed to carry this burden. We find nothing in the record indicating the date on which he presented his petition to prison officials. Even in the absence of such proof, however, the record sufficiently demonstrates that Mr. Allen failed to comply with Rule 5.06. Mr. Allen's Petition for Writ of Certiorari indicates that he signed the petition on October 15, 2003, and that it was filed with the circuit court on October 22, 2003. Giving Mr. Allen the benefit of the latest possible date on which the statutory period could possibly begin to run, July 23, 2003, the petition itself indicates that it was filed well beyond the sixty day period.[6] *See Johnson v. Corr. Corp. of Am.*, No. W2001-00763-COA-R3-CV, 2001 Tenn. App. LEXIS 952, at *9–13 (Tenn. Ct. App. Dec. 11, 2001). Since Mr. Allen filed his Petition for Writ of Certiorari beyond the sixty day period set forth in Tennessee Code Annotated section 27-9-102, the circuit court was without jurisdiction to entertain the petition. *See Hughes v. Tenn. Bd. of Paroles*, No. M2003-00266-COA-R3-CV, 2004 Tenn. App. LEXIS 78, at *4 (Tenn. Ct. App. 2004).

Although we find the fact that Mr. Allen filed his petition well beyond the period permitted by section 27-9-102 of the Tennessee Code to be dispositive of this appeal, we will address the remaining issues presented out of consideration to Mr. Allen as a *pro se* appellant. *See Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003); *Hessmer v. Hessmer*, No. M2002-01024-COA-R3-CV, 2003 Tenn. App. LEXIS 346, at *5–6 (Tenn. Ct. App. May 12, 2003); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651–52 (Tenn. Ct. App. 1988).

### B. Lack of a Hearing Below

The second issue presented for review by Mr. Allen concerns the circuit court's decision to grant the Commissioner's Motion to Dismiss without permitting oral argument. On October 22, 2003, Mr. Allen filed a motion with the circuit court, asking the court to conduct a hearing on his petition. In the order dismissing Mr. Allen's petition, the circuit court stated that oral argument was not necessary in this matter. Mr. Allen argues on appeal that this prevented him from introducing testimony from another correctional officer at the prison who could establish his innocence.

The Tennessee Rules of Civil Procedure contain no requirement that a trial court permit oral argument on a motion to dismiss prior to issuing its ruling. *See Jerkins v. McKinney*, 533 S.W.2d 275, 279 (Tenn. 1976). "Oral argument is especially unnecessary when only questions of law are concerned." *Id.* (citing *Butterman v. Walston & Co.*, 50 F.R.D. 189, 190 (E.D. Wis. 1970)); *see also Millsaps v. Millsaps*, 1989 Tenn. App. LEXIS 317, at *7 (Tenn. Ct. App. May 3, 1989).

Mr. Allen's attempt to introduce new evidence amounts to "nothing more than an attack on the intrinsic correctness of the board's decision and an effort to have the courts reweigh the evidence presented to the board." *Lewis v. Tenn. Dep't Corr.*, No. M2002-00608-COA-R3-CV, 2003 Tenn. App. LEXIS 358, at *9 (Tenn. Ct. App. May 20, 2003). "A challenge to the intrinsic correctness of

---

[6] Although the record contains no reference to the administrative proceedings conducted by the disciplinary board on June 6, 2003, the July 23, 2003, letter attached to Mr. Allen's petition as an exhibit demonstrates that the disciplinary board's decision was final by the time he received the letter at the latest.

the inferior tribunal's decision is normally dismissed as being outside the purview of the reviewing court." *Waters*, 2003 Tenn. App. LEXIS 512, at *8–9. The scope of review that a trial court entertaining a common law petition for writ of certiorari may engage in is limited:

> Courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the lower tribunal. Rather, the writ permits the courts to examine the lower tribunal's decision to determine whether the tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily.

*Lewis*, 2003 Tenn. App. LEXIS 358, at *8–9. By simply examining the four corners of Mr. Allen's petition, the circuit court properly applied section 27-9-102 of the Tennessee Code and found that the petition was time barred. Accordingly, this issue raised by Mr. Allen is without merit.

### C. Denial of Appellant's Motion for Default Judgment

Mr. Allen argues on appeal that, pursuant to Tennessee Rule of Civil Procedure 55, the circuit court erred by failing to grant his Petition for Default Judgment. (Appellant's Br. at 7). In support of this argument, Mr. Allen points to the fact that the Commissioner failed to file a response to his Petition for Writ of Certiorari by the time set forth in the court's order issued on December 4, 2003.

Rule 55 permits the trial court to enter judgment by default against a party when the party "has failed to plead or otherwise defend as provided by these rules." Tenn. R. Civ. P. 55.01 (2003). On the same day the circuit court entered the order granting the Commissioner an extension of time in which to respond to Mr. Allen's petition, the Commissioner filed a Motion to Dismiss the petition. Tennessee Rule of Civil Procedure 12.01 provides, in relevant part, as follows:

> A defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant. . . . The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 15 days after notice of the court's action . . . .

Tenn. R. Civ. P. 12.01 (2003). The Commissioner was not required to file a response to the petition under the rules of procedure until the court below addressed the Motion to Dismiss. *Roberson v. Rose*, No. 01-A01-9108-CV-00275, 1991 Tenn. App. LEXIS 950, at *2 (Tenn. Ct. App. Dec. 13, 1991). The circuit court granted the Commissioner's motion on February 2, 2004, thereby disposing of the case and making a response to the petition unnecessary. Furthermore, Tennessee Rule of Civil Procedure 55.04 provides:

> No judgment by default shall be entered against the State of Tennessee or any officer or agency thereof unless the claimant establishes the claim or right to relief by evidence satisfactory to the court.

Tenn. R. Civ. P. 55.04 (2003); *Moffett v. Tenn. Dep't of Corr.*, No. M2001-03011-COA-R3-CV, 2002 Tenn. App. LEXIS 844, at \*3 (Tenn. Ct. App. Dec. 5, 2002); *Northcott v. Tenn. Dep't of Corr.*, No. 01-A-01-9707-CH-00355, 1998 Tenn. App. LEXIS 277, at \*4–6 (Tenn. Ct. App. Apr. 29, 1998). Mr. Allen failed to do so.

### D.  Treatment of Appellant as a **Pro Se** Litigant

In the final issue presented for our review, Mr. Allen argues that the circuit court erred by holding him to a higher standard as a *pro se* litigant than a member of the bar.  (Appellant's Br. at 8).  In support of this argument, Mr. Allen cites to the circuit court's refusal to allow him to amend his pleadings rather than grant the Commissioner's Motion to Dismiss.

"Prisoners have a qualified right to institute and prosecute civil actions in Tennessee's courts."  *Hessmer*, 2003 Tenn. App. LEXIS 346, at \*4 (citing *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975)).  "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts."  *Id*.  When a trial court is confronted with a *pro se* litigant, conducting the matter before the court can be challenging.  *Irvin*, 767 S.W.2d at 651.  "On one hand, a trial judge must accommodate the *pro se* litigant's legal naivete, and, on the other hand, he must not allow the *pro se* litigant an unfair advantage because the litigant represents himself."  *Id*. at 651–52.  "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden."  *Id*. at 652 (citing *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1987)).  The trial court should take this into consideration when presiding over the matter at issue.  *Id*.  "*Pro se* litigants are entitled to the same liberality of construction with regard to their pleadings that [the Tennessee Rules of Civil Procedure] afford any other litigant."  *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The trial court should seek to maintain an equal playing field but should not be expected to assist a *pro se* litigant at the expense of the other side.  *Young*, 130 S.W.3d at 63 (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)); *Hessmer*, 2003 Tenn. App. LEXIS 346, at \*4–5; *Davis v. Earls*, No. W2000-00280-COA-R3-CV, 2001 Tenn. App. LEXIS 386, at \*7 (Tenn. Ct. App. May 30, 2001).  Our review of the record indicates that the circuit court extended Mr. Allen every possible courtesy and properly handled his Petition for Writ of Certiorari.

### IV. Conclusion

For the foregoing reasons, we affirm the circuit court's decision to grant the Commissioner's Motion to Dismiss. Costs are adjudged against Appellant, John E. Allen, for which execution may issue, if necessary.

                         _____

ALAN E. HIGHERS, JUDGE