IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 16, 2011 Session

## DONNA LYNN LUND v. JOHN FREDRIK LUND

**Appeal from the General Sessions Court for Loudon County**
**No. 9792     William H. Russell, Judge**

**No. E2010-01727-COA-R3-CV-FILED-NOVEMBER 16, 2011**

This is the second appeal of this post-divorce case to this court. Donna Lynn Lund ("Wife") and John Fredrik Lund ("Husband") were divorced in 2008. In the first appeal of the trial court's classification of marital property, this court held that the increase in value of Husband's pre-marital annuity was separate property. On remand, the trial court divided the property as consistent with this court's opinion. Wife filed post-judgment motions and a subsequent motion for Rule 60.02 relief, asserting that the order on remand contained errors of law and that she mistakenly failed to file a timely notice of appeal. The trial court denied the Rule 60.02 motion. Wife appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Sessions Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Ben H. Houston, Knoxville, Tennessee, for the appellant, Donna Lynn Lund.

Kimberlee A. Waterhouse, Lenoir City, Tennessee, for the appellee, John Fredrik Lund.

### OPINION

### I.  BACKGROUND

Following Wife's complaint for divorce, the parties agreed that grounds for divorce existed but disagreed regarding the classification and division of the marital property. This

appeal concerns the division of Husband's annuity that he received while working for the Tennessee Valley Authority ("TVA"); thus, we will only discuss the division of that property.

The trial court initially classified the pre-marital TVA annuity as Husband's separate property but classified the increase in value of the pre-marital portion as marital property. The trial court divided the marital portion of the TVA annuity equally. Husband appealed the court's decision, asserting that the trial court erred in classifying the increase in value of the pre-marital portion of his TVA annuity as marital property.

Citing *Pedine v. Pedine*, No. E2008-00571-COA-R3-CV, 2009 WL 585943 (Tenn. Ct. App. Mar. 9, 2009), this court held that the trial court "incorrectly determined the amount of Husband's separate property contained in the annuity." *Lund v. Lund*, No. E2008-00415-COA-R3-CV, 2009 WL 723838, at *5 (Tenn. Ct. App. Mar. 19, 2009) ("*Lund I*"). This court stated that Wife was not entitled to a share of the increase in value of the pre-marital portion of the annuity because any increase of that portion was purely market-driven. *Lund*, 2009 WL 723838, at *5. This court modified the trial court's judgment to reflect that only $194,489.04 of Husband's $453,331.78 TVA annuity was marital property subject to equitable distribution. *Id.* This court then concluded,

> Because the value of Husband's separate property is more and the value of the marital property is less than originally determined by the Trial Court, it is appropriate to remand this case for the Trial Court to consider whether, due to the amount of Husband's increased separate property, it would be equitable for Wife to receive greater than 50% of the marital property. This should not be interpreted as a requirement that the Trial Court award Wife more than 50% of the marital property, and we express no opinion on this issue. Rather, the Trial Court is to reconsider what is equitable in light of this opinion. The Trial Court must determine the appropriate percentage to award each party with regard to the marital property contained in both the annuity and the pension, keeping in mind that the exact monetary value of the pension cannot be determined until Husband actually retires.

*Id.* at *7 (footnote omitted). This court directed the trial court to assign a dollar amount to each item of property in order to facilitate further appellate review of the distribution of the property.

On remand, the trial court divided the marital portion of the TVA annuity equally, finding that

Wife is educated and able to maintain gainful employment, that she is ten years younger than Husband, that she will be receiving these benefits and pension benefits while she is still in her working years, and that she is capable of accruing additional benefits on her own. In addition, each party has contributed equally to the assets accumulated during the marriage; Husband as the primary wage earner and Wife as the primary home maker and each role deserves equal credit considering all the factors in the statute and the particular facts of this case. Further, each party has separate property which is due to either their work efforts prior to the marriage or gifts. Husband had accumulated retirement benefits prior to the marriage due to his work efforts; but, also, he will likely need those assets sooner than Wife given his age and the length of his career. The parties were married just over 24 years, however, they were living separate and apart for about five years while divorce proceeding[s] were pending in this and another court. Husband supported Wife during the long course of the two divorce proceedings spanning several years, and this allowed her to become educated to where she can now have a career in the legal field. The parties' children are grown, and there is no reason for Wife not to be working full time given that she is clearly healthy, educated and able to do so. The [c]ourt has duly considered all of the factors listed in [Tennessee Code Annotated section] 36-4-121 and finds that the parties should each be awarded one-half of the marital portion of the TVA annuity.

The court additionally found that while the parties did not present any further evidentiary proof regarding the distribution of the marital property, "Wife's statements, even if taken as testimony and not argument, [we]re insufficient to award her a greater share of the marital retirement benefits as she requests, when considering the record as a whole."

The order on remand was filed on September 30, 2009. Less than 30 days later, Wife filed a motion to set aside the order and a motion to reconsider. These motions were denied on November 18, 2009. Wife then filed a motion to set aside the court's order overruling her motions. After retaining counsel, Wife filed a Rule 60.02 motion to set aside the order on remand. Wife never filed a notice of appeal from the trial court's order on remand.

In the Rule 60.02 motion, Wife alleged that the order on remand was inconsistent with the Tennessee Supreme Court's decision in *Snodgrass v. Snodgrass*, 295 S.W.3d 240 (Tenn. 2009), filed approximately one week *after* the court's order was filed. Wife opined that pursuant to *Snodgrass*, the growth on the pre-marital portion of Husband's TVA annuity should have been designated as marital property and equally divided. Wife said that if the court denied relief pursuant to *Snodgrass*, she believed the court should redistribute the

marital assets in a "more equitable manner" as directed by this court in *Lund I*. In the alternative, Wife asked the court to set aside its order on remand and enter a new order, allowing her to file a timely notice of appeal from the order on remand. Wife asserted that her request pursuant to Rule 60.02 sections (1) and (5) was warranted because she, while acting pro se and actively attempting to appeal the order on remand, did not realize her motion to reconsider the denial of her other motions would not toll the time for filing a notice of appeal.

Husband responded that relief pursuant to Rule 60.02 was not warranted. Husband asserted that Wife's filing mistake did not provide a sufficient reason for justifying relief because pro se litigants must follow the same procedural rules as trained lawyers. Husband also claimed that the Court's decision in *Snodgrass* was not applicable because it was filed after the trial court's order, which followed the opinion set forth in *Lund I*. Husband opined that the "subsequent alternative interpretation of a statute" in another case was not a ground for relief and that *Snodgrass* did not reverse or overturn any cases and dealt with a differing factual scenario.

Following a hearing on the motion, the court found that "the sole purpose of the Rule 60.02 motion [wa]s to allow [Wife] another chance to appeal where [she] did not appeal in the time required due to her mistake concerning the law and rules of procedure." The court held that relief pursuant to Rule 60.02 was "not proper" and denied Wife's motion. This appeal followed.

## II. ISSUES

We restate and consolidate Wife's issue on appeal as follows:

A. Whether the trial court erred in denying relief from its judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.

Husband raised an issue for our consideration that we restate as follows:

B. Whether Wife's appeal was frivolous, meriting an award of attorney fees and costs on appeal as sanctions.

## III. STANDARD OF REVIEW

On appeal, this court reviews a trial court's decision to grant or deny relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v.*

*Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). Under an abuse of discretion standard, an appellate court is not permitted "to substitute its judgment for that of the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)). As a general principle, an appellate court will find an abuse of discretion and thus reverse a decision only when the trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997). *See also Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

## IV. DISCUSSION

### A.

Wife contends that she was entitled to Rule 60.02 relief because the court's reclassification of the growth on the pre-marital balance of Husband's TVA annuity as separate property was an erroneous application of the law, resulting in extreme hardship and a significant loss of her share of the marital property. Wife also asserts that she was entitled to Rule 60.02 relief from the order because the court failed to redistribute all of the marital assets in an equitable manner as directed by this court in *Lund I*. Husband responds that the trial court properly denied relief because Wife failed to file a timely notice of appeal. Husband asserts that Wife's attempt to establish that the court's order on remand contained errors of law is without merit and merely an attempt to avoid the loss of appellate review because she failed to file a timely notice of appeal.

Wife focuses her argument on the Tennessee Supreme Court's decision in *Snodgrass* that was filed days after the court's order on remand. In *Snodgrass*, the Court dealt with the narrow issue of whether a party's 401(k) account was a "retirement or other fringe benefit right" relating to employment. *Snodgrass*, 295 S.W.3d at 249. According to Tennessee Code Annotated section 36-4-121(b)(1)(B) marital property includes

> income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation, and the value of vested and unvested pension, vested and unvested stock option rights, *retirement or other fringe benefit rights relating to employment that accrued during the period of the marriage*.

(Emphasis added). Considering this statute, the Court held that 401(k) accounts accruing during the marriage were retirement or other fringe benefit rights relating to employment regardless of whether either spouse had substantially contributed to the preservation and

appreciation of the account. *Snodgrass*, 295 S.W.3d at 247-51. In so holding, the Court offered an extensive analysis of the creation and implementation of 401(k) accounts in general and the parties' specific accounts at issue in the case. *Id.* at 249-51. The Court stated that "[w]hether the monies within the account [were] marital property or separate property depend[ed] on *when* [the account] accrued, not *how*." *Id.* at 251 (citing *Franklin v. Franklin*, C/A No. 03A01-9410-CV-00364, 1995 WL 371573, at *2 (Tenn. Ct. App. June 21, 1995)).

In this case, considering when the account accrued, the Court further held that the portion of the 401(k) account that existed on the date of the marriage was separate property but characterized "the *entire* net amount of income and appreciation that was experienced" in the 401(k) accounts during the marriage "as marital property, including that which accrued on the pre[-]marital balances." *Snodgrass*, 295 S.W.3d at 251. The Court stated that while its decision in *Snodgrass* did not conflict with its prior determinations, the "analysis in prior cases ha[d] often lacked clarity." *Id.* at 252. Citing *Pedine* and other cases, the Court acknowledged that the Tennessee Court of Appeals had "used inconsistent analyses and reached inconsistent results" regarding the classification of 401(k) accounts because of a lack of guidance on that issue. *Id.* at 254.

In this case, considering whether Husband's TVA annuity was a retirement or other fringe benefit right as implicated in *Snodgrass* would have been a great issue for appellate review. However, Wife failed to file a timely notice of appeal from the court's order on remand, thereby precluding appellate review of this issue. A notice of appeal "must be filed with and received by the trial court within 30 days after the entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The [30-day] time limit for filing a notice of appeal is *mandatory* and *jurisdictional* in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) (emphasis added). However, a party may file a post-trial motion that will "toll commencement of the [30-day] period until an order granting or denying the motion is entered." *Id.* (citing Tenn. R. App. P. 4(a); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)). Once a post-trial motion has been ruled upon, the parties have 30 days in which to file a notice of appeal from the order granting or denying the post-trial motion. Tenn. R. App. P. 4(b). Motions to reconsider the court's grant or denial of a post-trial motions "are not authorized" and do not "operate to extend the time for appellate proceedings." Tenn. R. Civ. P. 59.01.

Because Wife failed to file a timely notice of appeal from the court's order on remand, her only avenue of relief was to file a motion pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, which provides, in pertinent part,

> On motion and upon such terms as are just, the court may relieve a party or the
> party's legal representative from a final judgment, order or proceeding for the

following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud [], misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Const. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

In Wife's motion for Rule 60.02 relief, she asked the court to vacate and re-enter its final order because she made a simple filing mistake. While the trial court may not waive the time requirements for filing a notice of appeal, it may grant relief in "unusual or compelling circumstances" by "vacating and re-entering the final order." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997) (citing *Moody v. Moody*, 681 S.W.2d 545, 546 (Tenn. 1984); *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976); *First Nat'l Bank v. Goss*, 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184-85 (Tenn. Ct. App. 1985)). Wife alleged that she did not realize that her filing of additional post-trial motions would not toll the time for filing a notice of appeal. However, this type of filing mistake cannot form the basis for Rule 60.02 relief because pro se litigants "'must follow the same procedural and substantive law as the represented party.'" *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996) (quoting *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988)). Thus, her unfamiliarity with the rules did not support a grant of relief in the form of vacating and re-entering the final order. Accordingly, we conclude that the trial court did not err in denying relief based upon this ground.

Wife asserts that the trial court should have granted Rule 60.02 relief because of the decision in *Snodgrass* and because the court failed to redistribute the marital property as consistent with this court's opinion in *Lund I.* The court found Wife's arguments unpersuasive and believed that she was merely attempting to avoid the procedural limitations that occur when one fails to file a timely notice of appeal. We agree with the trial court. Wife is clearly attempting to attain full appellate review of her issues when full appellate

review is simply not possible because she failed to comply with the procedural requirements for filing a notice of appeal.

Additionally, we do not believe Rule 60.02 relief is warranted because of the Court's opinion in *Snodgrass*. The court's order on remand was filed prior to *Snodgrass* and compliant with this court's directions in *Lund I*. Thus, any argument that the court should have disagreed with *Lund I* or somehow followed the reasoning in *Snodgrass* before that opinion was filed is unavailing. Indeed, the trial court was limited to this court's opinion pursuant to the law of the case doctrine. "[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Memphis Pub. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). Moreover, as discussed above, *Snodgrass* dealt with the very narrow issue concerning 401(k) accounts. At issue in *Lund I* was the division of Husband's TVA annuity. Consequently, we believe that *Lund I*, while lacking in clear guidance from the Supreme Court and relying on *Pedine*, was not necessarily overruled by *Snodgrass*. *Cf. Gray's Disposal Co., Inc. v. Metro. Gov't of Nashville*, 318 S.W.3d 342, 354 (Tenn. 2010) (holding that appellate courts cannot disregard an applicable federal "intervening change in the controlling authority" while a case is pending on remand). Accordingly, we conclude that the trial court did not err in denying relief on this ground.

Regarding the distribution of the marital property, we also do not believe that Rule 60.02 relief is warranted on this ground. While the court did not issue findings of fact regarding the distribution of the entirety of the remaining property, the court listed monetary amounts for each item that was divided. The court then issued findings of fact relative to its division of the marital portion of the TVA annuity and pension benefits and stated that it was rejecting Wife's argument that she was entitled to a greater share of these benefits because Husband had been awarded a greater share of separate property. While the court's decision regarding the division of the marital property would have been an appropriate issue for appellate review, Wife failed to comply with the procedural requirements for attaining appellate review. With these considerations in mind, we conclude that the trial court did not err in denying relief on this ground.

B.

Husband asserts that Wife is liable for damages in the form of attorney fees and costs because her appeal was frivolous. Wife disagrees, responding that her appeal was not frivolous.

Tennessee Code Annotated section 27-1-122 provides for an award of damages, including attorney fees, when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Our decision on this issue is discretionary, and we are generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006).

Wife did not have a very strong case because she failed to file a timely notice of appeal from the order on remand following *Lund I*. However, we do not find Wife's appeal *wholly* devoid of merit because she had a reasonable chance of success by pursuing an appeal from the denial of her subsequent Rule 60.02 motion for relief. Accordingly, we deny the request for attorney fees on appeal.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Donna Lynn Lund.

_____
JOHN W. McCLARTY, JUDGE