IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 9, 2020 Session

## RELIANT BANK v. KELLY D. BUSH ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 41461     Joseph A. Woodruff, Judge**

_____

### No. M2019-02212-COA-R3-CV

_____

This is the fourth appeal involving this particular dispute. In this case, the trial court dismissed a motion filed by the defendants seeking relief from a final judgment as an independent action under Rule 60.02 of the Tennessee Rules of Civil Procedure. Because we conclude that an independent action was improper under the circumstances of this case, we affirm the trial court's ruling on different grounds.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed**

J. STEVEN STAFFORD, P.J., W.S, delivered the opinion of the court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Kelly D. Bush, and Byron V. Bush, Brentwood, Tennessee, Pro se.

Marc T. McNamee and Stephen M. Montgomery, Nashville, Tennessee, for the appellee, Reliant Bank.

### OPINION

#### FACTUAL AND PROCEDURAL HISTORY

This case originated as a chancery court action to recover a deficiency judgment by Appellee Reliant Bank against Appellants Kelly D. Bush and Byron V. Bush ("Appellants") following a foreclosure. Reliant Bank asserted that Appellants defaulted on a Multipurpose Note and Security Agreement ("the promissory note") signed in favor of Reliant Bank, that commercial property secured by a deed of trust had been foreclosed, but that Appellants still owed significantly on their debt. After a four-day bench trial before

Judge James G. Martin III, the chancery court issued two separate orders in October 2014 in favor of Reliant Bank. In particular, the chancery court ruled that Appellants could not overcome the presumption that the foreclosure price was equal to the fair market value. As such, the chancery court granted Reliant Bank a deficiency judgment in the amount of $640,783.41, plus interest and attorney's fees, against Appellants jointly and severally. Appellants thereafter filed separate motions to alter or amend and for recusal of the trial judge. The judge denied the motions by order of January 13, 2015. On January 30, 2015, the trial court entered a final judgment granting Reliant Bank attorney's fees and discretionary costs. Appellants appealed to this Court. In an opinion authored by Presiding Judge Frank Clement Jr. (together with Judge Martin, "the *Bush I* Judges"), we affirmed the judgment in full. *See Commerce Union Bank, Brentwood, Tenn.*[1] *v. Bush*, 512 S.W.3d 217 (Tenn. Ct. App. 2016) ("*Bush I*").[2] The Tennessee Supreme Court then denied Appellants' application for permission to appeal on November 16, 2016.

While *Bush I* was on appeal, Appellants filed an action against Reliant Bank, which involved claims arising out of the same transaction at issue in *Bush I*. The trial court granted Reliant Bank's motion to dismiss, which was affirmed by this Court on the basis of prior suit pending. *See Bush v. Commerce Union Bank*, 523 S.W.3d 56 (Tenn. Ct. App. 2017) ("*Bush II*"). The Tennessee Supreme Court again denied permission to appeal on May 18, 2017.

On May 25, 2017, Appellants filed a motion for relief from the judgment in *Bush I* under Rule 60.02 of the Tennessee Rules of Civil Procedure. Specifically, Appellants asserted that they were entitled to set aside the judgment due to mistake and fraud. A new judge, Deanna Bell Johnson, presided over the case and noted "several significant facts that were erroneously omitted" from the judgment in *Bush I*. Judge Johnson therefore re-weighed the evidence and modified the judgment to reduce it to less than $100,000.00. Reliant Bank appealed the ruling, and this Court reversed, concluding that the Rule 60.02 motion was untimely and should have been dismissed. *See Reliant Bank v. Bush*, No. M2018-00510-COA-R3-CV, 2018 WL 6828881, at *3 (Tenn. Ct. App. Dec. 28, 2018) ("*Bush III*") (noting that the type of Rule 60.02 motion utilized must have been filed within one year of the entry of the disputed judgment). The Tennessee Supreme Court denied permission to appeal for a third time on May 16, 2019.

Appellants were apparently not satisfied. On November 4, 2019, Appellants filed the pleading that is at issue in this appeal. This pleading, which was filed under the same docket number as *Bush I* and *Bush III*, was captioned "Motion Requesting Independent Action by the Court for 'Fraud Upon the Court' by Judge James G. Martin III and TN Appellate Judge Frank Clement." Therein, Appellants argued that the *Bush I* Judges

---

[1] Commerce Union Bank was at all relevant times d/b/a Reliant Bank.
[2] A fuller recitation of the facts surrounding the foreclosure and deficiency can be found in *Bush I*. These facts are not relevant to the instant appeal.

committed fraud on the court by ignoring or omitting key parts of the parties' contract that favored Appellants. The motion finally stated that it was set for hearing on November 19, 2019.

On November 13, 2019, Reliant Bank filed an objection to the motion, arguing that Appellants were not entitled to relief and that the motion should not be "entertain[ed]." On November 15, 2019, Reliant Bank filed a motion to compel against Appellants related to enforcement of its judgment. On the same day, Reliant Bank also filed motions for charging orders against various property. Also on November 15, 2019, Judge Deanna Johnson entered an order of recusal, and the matter was transferred to Judge Joseph A. Woodruff ("the trial court").

A day before Appellants had purportedly scheduled their hearing, on November 18, 2019, the trial court dismissed Appellants' motion *sua sponte*. As to the hearing date, the trial court ruled that pursuant to local rules, motions to set aside or alter judgments were not to be set for hearing except at the direction of the judge. The trial court further ruled that it lacked subject matter jurisdiction over Appellants' filing, as the Board of Judicial Conduct had exclusive jurisdiction over complaints against judges pursuant to Tennessee Code Annotated section 17-5-201. As such, the trial court dismissed the motion for lack of jurisdiction. The trial court further ruled that because Appellants' pleading was unsworn and unsupported by proof and not credible, the trial court was under no obligation to communicate the allegations of misconduct to the relevant authorities. Finally, the trial court ruled that its judgment was final and appealable under Rule 3 of the Tennessee Rules of Appellate Procedure.

Following the dismissal, on November 25, 2019, Appellants filed a sworn affidavit in support of their original motion as well as a motion to amend their original motion. This filing was accompanied by a multitude of documents, many of which related to the prior cases, particularly ***Bush III***. The trial court entered an order again dismissing the case based on lack of subject matter jurisdiction on November 26, 2019, noting that the dismissal was on the same basis as the trial court's November 18, 2019 order. On or about December 5, 2019, the trial court also entered orders granting Reliant Bank's motions for charging orders and to compel. Appellants timely appeal to this Court.[3]

## ISSUES PRESENTED

---

[3] Following oral argument in this case, Appellants filed notice to this Court that they sent a letter to Judge Martin concerning the judgment in ***Bush I*** on December 14, 2020. The letter raises arguments about the underlying correctness of the judgment in ***Bush I***. The notice further argues that the instant "independent action" is not barred due to Appellants' prior filing of a Rule 60.02 motion. We note that Appellants cite nothing that would suggest that our rules permit such a filing after briefing has closed and oral argument has concluded. Still, we address the effect of the Rule 60.02 motion on the instant motion for an independent action, *infra*.

Appellants raise the following issues which are taken verbatim from their initial brief:[4]

1. Whether or not the material facts originating within Williamson County Chancery Court (WCCC) and omitted from its OPINIONS and RULINGS revealing "*FRAUD UPON THE COURT*" <u>FUTC</u> are still within the "subject matter jurisdiction" of the same court [<u>WCCC</u>].

2. Whether Judge Woodruff upon his receipt of a "*sworn affidavit*" containing credible evidence of <u>FUTC</u> and refusal to hear; failed to take "*appropriate action . . . by reporting the suspected violation to the appropriate authority or other agency or body . . .*"

3. Whether deception by officers of the TN Court, who with bias and intent omitted material facts justifies the need for a <u>*NEW TRIAL*</u> in <u>Reliant v Bush</u> #41461 and <u>Bush v Reliant</u> # 44489 and if so, what jurisdiction.

*(This is may need to be resolved following a hearing by a court of competent jurisdiction.)*

- **Please Note:**

   **This APPEAL is NOT TO DETERMINE IF "FRAUD UPON THE COURT" FUTC HAS OCCURRED. IT HAS . . . but INSTEAD to determine which Court has INDEPENDENT and UNBIASED authority and jurisdiction to hear and correct per <u>RULE 60.02</u>.**

In contrast, Reliant Bank frames the issues in this case as follows:

1. Whether the trial court correctly dismissed Appellants' "Motion Requesting Independent Action by the Court for 'Fraud Upon the Court' by Judge James G. Martin III and TN Appellate Judge Frank Clement."
2. Whether Reliant Bank is entitled to a judgment against Appellants for its fees and costs on appeal.
3. Whether this Court should remand to the trial court for implementation of a pre-filing screening mechanism to prevent future frivolous filings by Appellants.

### STANDARD OF REVIEW

---

[4] Appellants raise ten entirely new issues in their reply brief. A reply brief, however, is not a vehicle for raising new issues. ***Owens v. Owens***, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) ("A reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues."). As such, we will not consider them. Many of these issues simply reassert the incorrectness of the ***Bush I*** Judges' treatment of the parties' contract.

In this case, the trial court dismissed this case at the motion to dismiss stage. While Reliant Bank did ask that no relief be afforded to Appellants, it did not specifically file a motion to dismiss Appellants' motion. No matter, however, as the trial court can grant a motion to dismiss sua sponte. *See **Huckeby v. Spangler***, 521 S.W.2d 568, 571 (Tenn. 1975) (holding that the trial court has authority to sua sponte grant a motion to dismiss). Indeed, the trial court's dismissal was based on lack of subject matter jurisdiction. "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated" and the issue may be raised sua sponte. ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).

The standard of review regarding dismissal at the motion to dismiss stage is well-settled. Under the standard of review applicable to motions to dismiss, review is "limited to an examination of the complaint alone." ***PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.***, 387 S.W.3d 525, 537 (Tenn. Ct. App. 2012) (citing ***Wolcotts Fin. Serv., Inc. v. McReynolds***, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990)). "The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law." ***PNC***, 387 S.W.3d at 537. Additionally, "[c]ourts resolving a motion to dismiss may consider 'items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case . . . without converting the motion into one for summary judgment.'" ***Stephens v. Home Depot U.S.A., Inc.***, 529 S.W.3d 63, 74 (Tenn. Ct. App. 2016) (quoting ***Haynes v. Bass***, No. W2015-01192-COA-R3-CV, 2016 WL 3351365, at *4 (Tenn. Ct. App. June 9, 2016), *perm. app. denied* (Tenn. Oct. 21, 2016)); *see also **Cochran v. City of Memphis***, No. W2012-01346-COA-R3-CV, 2013 WL 1122803, at *2 (Tenn. Ct. App. Mar. 19, 2013) (concluding that consideration of the existing complaint, a prior complaint, and various orders did not require conversion to a motion for summary judgment); *cf.* ***Tennessean v. Metro. Gov't of Nashville***, 485 S.W.3d 857, 862 (Tenn. 2016) (citing 29 Am. Jur. 2d *Evidence* § 150 (2015)) ("[T]his Court may take judicial notice of the records of the courts of this state."). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See **Cook ex. rel. Uithoven v. Spinnaker's of Rivergate, Inc.***, 878 S.W.2d 934, 938 (Tenn. 1994). However, we are not required to accept as true factual inferences or conclusions of law. ***Riggs v. Burson***, 941 S.W.2d 44, 47–48 (Tenn. 1997). An appellate court should uphold the grant of a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief. ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). We review the trial court's decision on a motion to dismiss de novo without a presumption of correctness. ***Phillips v. Montgomery Cnty.***, 442 S.W.3d 233, 237 (Tenn. 2014).

**ANALYSIS**

Before addressing the merits of this action, we must first note that Appellants are

proceeding pro se in this appeal, as they did in the trial court. The law is well-settled in Tennessee, however, that pro se litigants must comply with the same standards to which lawyers must adhere. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted)).

Another matter must also be addressed—the state of Appellants' brief. Under Rule 27 of the Tennessee Rules of Appellate Procedure, an appellant's brief must contain individual sections that include, among other things, a statement of facts, a table of contents, a table of authorities, argument that includes a statement of the appropriate standard of review, citations to relevant authorities, and specific references to the appellate record. Tenn. R. App. P. 27(a)(7); *see also* Tenn. Ct. App. R. 6(a)(1) (requiring that briefs contain argument concerning the alleged error by the trial court "with citation to the record where the erroneous or corrective action is recorded"). Here, Appellants' brief ostensibly contains both a table of contents and a table of authorities, but these tables do not indicate the page number where the listed items can be found; as such, they are of no use. The argument contained in Appellants' initial brief is likewise deficient. First, it is combined with the statement of facts, which is clearly in violation of Rule 27. *See* Tenn. R. App. P. 27(a) (stating that each requirement should be "under appropriate headings"). Many of the contentions are unsupported by any relevant legal authority and there are no record citations of any kind, either in the argument or elsewhere in the brief.

As pointed out by Reliant Bank, this is not the first or even second time that Appellants have been litigants in this Court. As such, we are less inclined to excuse their failure to comply with the clear and unambiguous rules of this Court. However, Appellants' brief does somewhat comply with the rules of this Court. As such, we decline to waive this appeal in toto. Instead, will consider each argument individually to determine if adequate review is possible. We strongly caution Appellants and indeed all litigants that we may not be so forgiving of violations of the Rules of Appellate Procedure in the future.

### I.      Independent Action

The central issue in this case is whether the trial court erred in dismissing Appellants' motion for an independent action. On appeal, Appellants assert that the trial court erred in dismissing their motion for a variety of reasons. In particular, Appellants argue that the trial court committed error in treating their "motion" as a complaint and in misconstruing their pleading.[5] Appellants raise a variety of other grievances with the ruling, insinuating deception by various judges throughout the case, questioning the recusal of Judge Johnson,[6] and arguing that the Board of Judicial Conduct is not the proper forum for its action because it cannot correct a judgment. In addition, Appellants address the substantive merits of their action, asserting that the **Bush I** Judges committed "fraud on the court" by omitting a key provision of the parties' contract, which materially and incorrectly altered the analysis of the deficiency issue in Reliant Bank's favor. According to Appellants, this is analogous to juror misconduct and therefore warrants a new trial.

Reliant Bank does not address the substantive merits of Appellants' allegations. Rather, Reliant Bank contends that the trial court did not err in holding that the Board of Judicial Conduct was the exclusive forum for the allegations. In the alternative, Reliant Bank argues that (1) Appellants are not entitled to the extraordinary remedy of an independent action; and (2) any independent action must fail because the motion alleges only intrinsic fraud, rather than the required extrinsic fraud.[7] We conclude that Reliant Bank's argument concerning the availability of the independent action is dispositive of this appeal. As such, we begin with this issue.

Motions for relief from final judgment are governed by Rule 60.02 of the Tennessee Rules of Civil Procedure. In its entirety, Rule 60.02 provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged,

---

[5] It appears that Appellants believe that referring to their pleading as a "complaint" rather than a "motion" "degrades" the seriousness of the filing. Nothing could be further from the truth. A complaint is the "initial pleading that starts an action[.]" *Black's Law Dictionary* 323 (9th ed. 2009). A motion, on the other hand, is merely a "written or oral application requesting a court to make a specified ruling[.]" *Id.* at 1106. To initiate an "independent action" under Rule 60.02, it therefore appears that something along the lines of a complaint was necessary. The trial court therefore seems to have viewed Appellants' "motion" in the light most favorable to it.

[6] Specifically, it appears that Appellants interpret Judge Johnson's order of recusal as a finding that subject matter jurisdiction exists, in contrast to the ultimate finding by Judge Woodruff. However, an order of recusal is not a determination of the substantive merits of the case, but merely a determination as to whether some reason exists for the current judge to recuse.

[7] Both of these arguments were raised by Reliant Bank in their objection to Appellants' motion.

or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Thus, the rule provides that many types of actions for seeking relief from a final judgment were abolished in favor of the Rule 60.02 motion. Buried in the text of Rule 60.02, however, one type of action survived—the "independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court."

The seminal case on this type of action is **Jerkins v. McKinney**, 533 S.W.2d 275 (Tenn. 1976). In the absence of Tennessee authority on the issue, our high court looked to federal authority to inform its analysis. *Id.* at 281. In particular, the court noted that "'[r]esort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances.'" *Id.* (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2868). Moreover, the court adopted the following explanation of the contours of independent actions:

Generally, such an independent action must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy. It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness. In this type of action, it is fundamental that equity will not grant relief if the complaining party 'has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action . . . to open, vacate, modify or otherwise obtain relief against, the judgment.' The granting of relief in this unusual type of proceeding lies largely within the discretion of the trial judge.

*Id.* (at 281–82) (quoting **Winfield Associates, Inc. v. Stonecipher**, 429 F.2d 1087, 1090 (10th Cir. 1970)).

The party raising the independent action in *Jerkins* was a victim of mistake and was himself free from fault. *Id.* at 282. However, the party also had available to him "three complete and adequate remedies[:] (1) a Rule 60.02(1) motion in the underlying suit, (2) an appeal pursuant to the waiver,[8] and (3) appeal via writ of error." Because the party had these options but did not take advantage of them, he could not maintain his independent action.

Thus, while "there is no time limit for filing an independent action to set aside a judgment, it may be granted 'only under unusual and exceptional circumstances' and 'where no other remedy is available or adequate.'" *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 229–30 (Tenn. Ct. App. 2000) (citing *Jerkins*, 533 S.W.2d at 281). "*Jerkins* thus identified three criteria a plaintiff must establish to maintain an independent action: 1) a recognized ground for relief; 2) an absence of 'fault, neglect, or carelessness;' and 3) 'no other available or adequate remedy.'" *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 134 (Tenn. 2013). Moreover, when an independent action is based on fraud, "the complaining party must prove extrinsic as opposed to intrinsic fraud." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 230.

Here, Appellants allege that the *Bush I* Judges engaged in fraud on the court in that they committed both fraud and mistake in their *Bush I* decision making. Allegations of fraud and mistake do often provide a recognized basis for relief. *See* Tenn. R. Civ. P. 60.02(2). The trial court ruled, however, that because the allegations involved judicial misconduct, Appellants' exclusive remedy was to the Board of Judicial Conduct. Although Appellants' motion indeed involved allegations against the judges who presided over *Bush I*, the remedy sought was not discipline of the *Bush I* Judges, but that the *Bush I* judgment be set aside. This is exactly the remedy afforded by the Rule 60.02 independent action. Neither Reliant Bank nor the trial court has suggested that the Board of Judicial Conduct has the power to set aside judgments. As such, we do not agree that the trial court was deprived of subject matter jurisdiction to consider Appellants' action simply because the allegations involve judicial misconduct. Still, we conclude that the trial court did not err in dismissing Appellants' action because they have not demonstrated their entitlement to such extraordinary relief. *See Barner v. Boggiano*, 222 S.W.2d 672, 677 (Tenn. Ct. App. 1949) ("It is well settled that if there is any ground upon which a decree before the appellate court on a broad appeal can be affirmed, it will be done, even though it be a different ground from that upon which the chancellor bases his decree."). In particular, we conclude that the record on appeal shows that Appellants had other available and adequate means of redress and they are not without fault in their failure to obtain relief.

---

[8] Specifically, the opposing party stated that it would not object to the timeliness of the appeal. *Id.* at 278. The party at issue, however, declined to take advantage of the waiver. Although that was an available remedy at that time, it is not appropriate now. *See* Tenn. R. App. P. 4 (setting the time for filing a notice of appeal); *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases.").

Here, many of the allegations of fraud are based on the ***Bush I*** Judges' alleged misstatement of facts and incorrect ruling thereupon.[9] These alleged deficiencies were readily apparent upon the entry of the final trial court order in ***Bush I***. At that time, Appellants had a variety of options available to them: (1) filing a motion to alter or amend; (2) taking a direct appeal; or (3) filing a Rule 60.02 motion. Appellants chose all three options. First, their motions to alter or amend were denied because the motions did not state grounds authorizing relief. ***Bush I***, 512 S.W.3d at 223. Their direct appeal also failed. Indeed, many of the arguments that Appellants asserted on appeal were waived due to Appellants' failure to raise the issues in the trial court. Among the waived issues was an argument that the trial court was biased against them, similar to the arguments raised in this case directed toward Judge Martin. And Appellants did explicitly argue in ***Bush I*** that the trial court erred in reinterpreting the parties' contract,[10] the same allegation alleged in their independent action.

Of course, Appellants also took issue with the ruling by this Court in ***Bush I***. But they had multiple avenues of relief. For one, Rule 39 of the Tennessee Rules of Appellate Procedure specifically allows a party to seek rehearing based on a mistake of fact or law. *See* Tenn. R. App. P. 39(a) (stating that rehearing may be based on the fact that "the court's opinion incorrectly states the material facts established by the evidence and set forth in the record"). Appellants filed two petitions to rehear specifically alleging mistake and fraud; both of which were denied in the summer of 2016. And they filed an application for permission to appeal to the Tennessee Supreme Court, which was also denied in November 2016. Their application for permission to appeal alleged nearly identical allegations that are alleged in their independent action: that the ***Bush I*** Judges omitted certain facts from their rulings that resulted in prejudice to Appellants' position. Appellants therefore fully exhausted their direct appeal remedy.[11]

But a direct appeal was not the only remedy available to Appellants. Instead, they also had the opportunity to file a Rule 60.02 motion. In ***Bush III***, we detailed how Appellants did take advantage of this option, and the judge presiding over that case did conclude that there were errors in the adjudication of ***Bush I***. The trial judge therefore reduced the deficiency judgment by a substantial amount. But that decision was ultimately reversed by this Court because the Rule 60.02 motion was untimely. ***Bush III***, 2018 WL 6828881, at *3. This time, however, Appellants filed no timely petition to rehear; instead they filed an application for permission to appeal to the Tennessee Supreme Court, which denied their application once again.[12]

---

[9] We express no opinion as to the accuracy of these allegations.

[10] We glean this fact from Appellants' reply brief in ***Bush I***. Unfortunately, Appellants' initial brief from ***Bush I*** is not available for review at this time.

[11] Following the denial of permission to appeal, Appellants also filed a motion to recall the mandate in ***Bush I***, which was denied.

[12] And of course, they thereafter asked that the mandate be recalled, which was again denied.

As detailed above, Appellants had a multitude of available remedies for seeking relief in this case. Appellants took full advantage of many of these remedies, but were ultimately unsuccessful for a variety of reasons. In their reply brief, Appellants make much of the fact that no court has ever adjudicated their allegations of fraud on the court. We agree, but this fact is simply not dispositive. As previously stated, in order to qualify for the exceptional remedy of an independent action for fraud on the court, no other available and adequate remedy could have been had. *See Furlough*, 397 S.W.3d at 134. As a result, if other adequate remedies were available to address the allegations and arguments the litigant seeks to raise, an independent action will not lie, regardless of whether the allegations were ever previously characterized as "fraud on the court." Moreover, nothing in *Jerkins* or its progeny requires that the litigant ultimately be successful in raising the allegations, but only that they have an adequate opportunity to do so.

On this topic, Appellants' Rule 60.02 motion is of particular import. To be sure, a Rule 60.02 is designed to correct errors in judgments based on fraud and mistake, the same allegations in this case. *See generally* Tenn. R. Civ. P. 60.02. This court has previously held that where a litigant had the opportunity to seek relief by filing a timely Rule 60.02 motion, he cannot resort to the exceptional remedy of an independent action. *See Tudor v. Tudor*, 1985 WL 4039, at *4 (Tenn. Ct. App. Dec. 4, 1985), *aff'd,* No. 86-32-I, 1986 WL 13249 (Tenn. Nov. 24, 1986); *see also Furlough*, 397 S.W.3d at 134 (citing *Tudor* favorably as to this issue). In contrast, one of the few cases to allow an independent action did so after holding that the litigant had no opportunity to file a Rule 60.02 motion because that rule was not applicable in general sessions court. *See Tanner v. Harris*, 150 S.W.3d 161, 165 (Tenn. Ct. App. 2003) (affirming the trial court's decision to allow an independent action).

Although Appellants did file a Rule 60.02 in this case, the failure of that motion resulted not from an evaluation of the merits of Appellants' claims, but due to a delay in filing the motion. We see little distinction between a litigant's failure to avail himself of the opportunity to file a Rule 60.02 motion and a failure to do so timely. *Cf. Tudor*, 1985 WL 4039, at *4. Moreover, Appellants' failure to file a timely motion under Rule 60.02 was the result of their own carelessness. *See Furlough*, 397 S.W.3d at 134. We reiterate that the mistakes of law and fact that are the subject of Appellants' fraud on the court allegation, i.e., the omission of a key contract term, were known to Appellants when the January 30, 2015 final order in *Bush I* was entered.[13] Appellants could therefore have raised these issues in their direct appeal, or they were at liberty to ask this Court to remand to the trial court for consideration of a Rule 60.02 motion despite the pending appeal. *See City of Memphis v. Civil Serv. Comm'n, City of Memphis*, No. W2002-01556-COA-R3-CV, 2003 WL 22204496, at *2 (Tenn. Ct. App. Sept. 15, 2003) (citing *Spence v. Allstate*

---

[13] In fact, the trial court's orders involving the interpretations of the promissory note were issued well in advance of the final judgment, in October 2014. Still, the time for filing a Rule 60.02 motion began upon the entry of the final judgment. *See Bush III*, 2018 WL 6828881, at *3.

***Insurance Co.***, 883 S.W.2d 586 (Tenn. 1994)) ("[T]he appellate court, which has jurisdiction over the case after the notice of appeal is filed, may remand the cause to permit the trial court to consider the factors enumerated in Rule 60.02, possibly obviating the need for further legal proceedings on appeal. The pendency of an appeal does not affect the requirement that a Rule 60.02 motion be filed within one year after the judgment from which relief is sought, since the party seeking relief can apply to the appellate court for an order of remand.").

Appellants' failure to seek Rule 60.02 relief in a timely manner can be attributed only to their own decision-making. Respectfully, even if Appellants' failure results from a misunderstanding of the procedural requirements applicable in this Court,[14] such a failure in knowledge is an inherent risk of self-representation. And "except in the rarest and most exceptional circumstances, [pro se litigants] cannot be permitted to . . . avoid the risks of failure to attend [their] decision to forego legal assistance." ***Irvin v. City of Clarksville****,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (quoting ***Dozier v. Ford Motor Co.***, 702 F.2d 1189, 1194 (D.C. Cir. 1983)).

In sum, at the time that Appellants learned of the facts that they now allege constitute fraud on the court, they had various remedies available to them. They availed themselves of these remedies and indeed raised the allegations that they now assert entitle them to relief. Moreover, at least one of these remedies was forestalled due to Appellants' own delay. Under these circumstances, the undisputed facts set forth in the record demonstrate that Appellants have not shown their entitlement to the rare and exceptional relief offered in the Rule 60.02 independent action. We therefore affirm the trial court's dismissal of this "motion," albeit on different grounds. *See **Barner***, 222 S.W.2d at 677.

## II.     The Rules of Judicial Conduct

Although it is somewhat difficult to discern from Appellants' statement of issues, it appears that they take issue with the trial court's refusal to send their allegations to the Board of Judicial Conduct.[15] Pursuant to the Tennessee Rules of Judicial Conduct, "[a] judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action." Tenn. R. Sup. Ct. 10, RJC 2.15(C). As the comments to the rule explains:

A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, but receives information indicating a

---

[14] We note that this is the fourth appeal that Appellants have participated in. In each case, Appellants have filed a variety of post-judgment motions in both the trial and appellate courts and have filed three applications for permission to appeal to the Tennessee Supreme Court. Appellants are therefore well-versed in how to avail themselves of the Tennessee courts.

[15] This argument is of course, somewhat at odds with their argument that their allegations against the prior judges were not more properly brought to the Board of Judicial Conduct.

- 12 -

substantial likelihood of such misconduct, is required to take appropriate action under paragraph[] (C)[.] Appropriate action may include, but is not limited to, communicating directly with the judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body.

*Id.* at RJC 2.15 cmt. 2.

Here, the trial court initially declined to take any actions based on Appellants' allegations for the following reasons:

[Appellants' motion] is unsworn. [Appellants' motion] is not supported by affidavit, declaration, or other admissible evidence. Having reviewed [Appellants' motion], this Court cannot find credible information indicating a substantial likelihood that the judges complained of have committed a violation of the Code of Judicial Conduct. Consequently, this Court concludes that it is not required to communicate with a supervising judge, or report a suspected violation to the Board of Judicial Conduct.

Appellants responded by filing a sworn affidavit in support of their motion. The trial court stated that it dismissed this filing as well, "[f]or the same reasons the [c]ourt dismissed the [] earlier filing."

As the trial court correctly noted, the Board of Judicial Conduct is typically the proper forum for complaints against judges. *See* Tenn. Code Ann. § 17-5-102 (providing that the chapter applies to all Tennessee judges); Tenn. Code Ann. § 17-5-301(a) (giving the board the power to "investigate, hear, and determine charges sufficient to warrant sanctions or removal" of judges). Indeed, this Court has previously held that the predecessor to our current board was the exclusive forum for "an assertion of misconduct" against a judicial official. ***Harvey v. LaDuke***, No. E2005-00533-COA-R3-CV, 2006 WL 694640, at \*10 (Tenn. Ct. App. Mar. 20, 2006) (involving the Court of the Judiciary, which was governed by substantially similar rules as our current Board of Judicial Conduct).

In contrast to the Board of Judicial Conduct's broad authority over judges, our authority is more limited. Our review is appellate only. *See **Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.***, 531 S.W.3d 146, 162 n.12 (Tenn. 2017). Accordingly, we "function[] as an 'error-correcting intermediate appellate court.'" ***McDonough v. McDonough***, 499 S.W.3d 401, 405 (Tenn. Ct. App. 2016) (quoting ***Mosley v. State***, 475 S.W.3d 767, 774 (Tenn. Ct. App. 2015)).

Here, the trial court found that Appellants' allegations did not warrant further action under RJC 2.15. Appellants have cited no authority to demonstrate that this judgment was in error. This is particularly true given that these allegations have been the subject of a

variety of prior legal actions. Moreover, if Appellants believe that the trial court made this decision in error or that a judge has failed to comply with an ethical requirement, they have the option, in their discretion, to lodge their own complaint with the Board of Judicial Conduct. We simply conclude that Appellants have not met their burden to show that the trial court erred in a manner that we are at liberty to correct.

## III.    Attorney's Fees

Reliant Bank next argues that it is entitled to an award of attorney's fees in this appeal under Paragraph 20 of promissory note executed by the Appellants. Paragraph 20 provides:

> **20. ATTORNEY'S FEES AND COLLECTION COSTS:** In the event of default, I agree to pay all reasonable costs you incur to collect on this Loan, including attorney's fees, court costs and other legal expenses.

"[A] contract that generally allow[s] for 'attorney fees and costs of collection' in the event of default includes attorney's fees on appeal." *Brunswick Acceptance Co., LLC v. MEJ, LLC*, 292 S.W.3d 638, 646 (Tenn. Ct. App. 2008) (citing *Robinette v. Johnson*, No. M2000-01514-COA-R3-CV, 2001 WL 694477, *3 (Tenn. Ct. App. June 21, 2001)). We have previously held that the above provision entitled Reliant Bank to an award of attorney's fees against Appellants in appealing the grant of the Rule 60.02 motion. *See Bush III*, 2018 WL 6828881, at *3. In this case, Appellants' action in filing an independent action was clearly an effort to frustrate Reliant Bank's efforts to collect on its deficiency judgment. As such, we conclude that the attorney's fees incurred in this appeal were "costs of collection" under the promissory note. Reliant Bank is therefore entitled to its reasonable attorney's fees and costs incurred on appeal, and we remand this case to the trial court for a determination of this amount.

## IV.    Pre-Litigation Screening

Finally, Reliant Bank requests that this Court remand to the trial court for the entry of an order providing for a pre-litigation screening process, as was allowed by this Court in *Hooker v. Sundquist*, 150 S.W.3d 406 (Tenn. Ct. App. 2004). In *Hooker*, we affirmed the trial court's decision to impose a pre-litigation screening process on a litigant after he had filed three separate cases involving similar subject matter. *Id.* at 408.  In upholding the trial court's decision, we held that the trial court had inherent authority under Rule 11.01 *et seq.* of the Tennessee Rules of Civil Procedure, and that the limitation was both narrowly tailored and of short duration. *Id.* at 413.

We decline Reliant Bank's request in this case. In *Hooker*, the pre-litigation screening was ordered by the trial court after the defendant filed a request for Rule 11 sanctions. Here, nothing in Reliant Bank's brief indicates that it raised its request for a pre-

litigation screening procedure in the trial court. Indeed, Reliant Bank's objection to Appellant's instant "motion" made no specific request for this type of relief. Generally, new issues may not be raised for the first time on appeal. ***Barnes v. Barnes***, 193 S.W.3d 495, 501 (Tenn. 2006). It does appear, however, that ongoing post-judgment litigation may be taking place in the trial court relative to collection on the deficiency judgment. Reliant Bank is certainly permitted to raise this issue for the trial court's consideration.[16] All other issues not specifically addressed are pretermitted.

## CONCLUSION

The judgment of the Williamson County Chancery Court is affirmed. Appellee Reliant Bank is awarded reasonable attorney's fees incurred in defense of this appeal. We decline, however, to impose a pre-litigation screening process at this time. This action is remanded for the determination of Reliant Bank's reasonable attorney's fees and for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are assessed to Appellants, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[16] This opinion should not be read to express any opinion as to the trial court's jurisdiction to issue such an order or the propriety of a pre-litigation screening process under these circumstances.